FILED

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JUN 2 5 2025
KHS

MITCHELL R. ELFERS
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>HERIBERTO SALAZAR-AMAYA, a.k.a. "HSA," "Juan," "El Paisa," "Viejo," "Heriberto Salazar-Torres," "Gabriel Gomez-Torres," and "Pedro Gomez-Diaz," CESAR ACUNA-MORENO, a.k.a "Pollo," BRUCE SEDILLO, a.k.a "YG" and "Youngster," VINCENT MONTOYA, a.k.a. "La Gringa" and "Guilt," FRANCISCO GARCIA, a.k.a. "Pancho," DAVID ANESI, GEORGE NAVARRETE-RAMIREZ, a.k.a. "Pantera" and "Panther," ALEX ANTHONY MARTINEZ, JOSE LUIS MARQUEZ, NICHOLAS TANNER, BRIAN SANCHEZ, KAITLYN YOUNG, ALAN SINGER, a.ka. "El De La Moto," DAVID ALTAMIRANO-LOPEZ, a.k.a. "Yogi," ROBERTA HERRERA, and MISAEL LOPEZ-RUBIO, a.k.a. "Bruno."<br><br>    Defendants. | CRIMINAL NO. 25-879 JB<br><br>Count 1: 21 U.S.C. § 848(a):  Continuing Criminal Enterprise;<br><br>Count 2: 21 U.S.C. § 846: Conspiracy;<br><br>Counts 3, 4, 7, 10, 11 and 12: 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vi):  Distribution of 400 Grams and More of Fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide);  18 U.S.C. § 2: Aiding and Abetting;<br><br>Count 5: 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vi):  Distribution of 400 Grams and More of Fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide);<br><br>Counts 6 and 13: 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vi):  Possession with Intent to Distribute 400 Grams and More of Fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide);<br><br>Counts 8, 17, 22, 23 and 24: 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vi): Possession with Intent to Distribute 400 Grams and More of Fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide);  18 U.S.C. § 2: Aiding and Abetting;<br><br>Counts 9, 14 and 16: 18 U.S.C. § 924(c)(1)(A)(i):  Possessing a Firearm in Furtherance of a Drug Trafficking Crime;<br><br>Count 15: 21 U.S.C. §§ 841(a)(1) and (b)(1)(C):  Possession with Intent to Distribute Fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide); |

)  Counts 18 and 25:  21 U.S.C. §§ 841(a)(1)
)  and (b)(1)(A)(viii):  Possession with Intent
)  to Distribute 500 Grams and More of a
)  Mixture and Substance Containing
)  Methamphetamine; 18 U.S.C. § 2:  Aiding
)  and Abetting;
)
)  Counts 19 and 26:  21 U.S.C. §§ 841(a)(1)
)  and (b)(1)(A)(i):  Possession with Intent to
)  Distribute One Kilogram and More of a
)  Mixture and Substance Containing Heroin;
)  18 U.S.C. § 2:  Aiding and Abetting;
)
)  Count 20:  21 U.S.C. §§ 841(a)(1) and
)  (b)(1)(C):  Possession with Intent to
)  Distribute a Mixture and Substance
)  Containing Cocaine; 18 U.S.C. § 2:
)  Aiding and Abetting;
)
)  Count 21:  18 U.S.C. § 924(c)(1)(A)(i):
)  Possessing a Firearm in Furtherance of a
)  Drug Trafficking Crime; 18 U.S.C. § 2:
)  Aiding and Abetting;
)
)  Count 27:  21 U.S.C. §§ 841(a)(1) and
)  (b)(1)(B)(ii):  Possession with Intent to
)  Distribute 500 Grams and More of a
)  Mixture and Substance Containing
)  Cocaine; 18 U.S.C. § 2:  Aiding and
)  Abetting;
)
)  Count 28:  21 U.S.C. §§ 841(a)(1) and
)  (b)(1)(C):  Possession with Intent to
)  Distribute a Mixture and Substance
)  Containing Cocaine; 18 U.S.C. § 2:
)  Aiding and Abetting;
)
)  Count 29:  8 U.S.C. §§ 1326(a) and (b):
)  Reentry of a Removed Alien;
)
)  Count 30:  8 U.S.C. § 1324a(a)(1)(A) and
)  (f)(1):  Unlawful Employment of Illegal
)  Alien;
)
)  Count 31:  8 U.S.C. § 1324(a)(1)(A)(v)(I):
)  Conspiracy to Harbor Illegal Aliens.

2

SUPERSEDING INDICTMENT

The Grand Jury charges:

Count 1

From on or about July 1, 2024, and continuing to on or about April 29, 2025, in Bernalillo County, in the District of New Mexico, and elsewhere, the defendants, **HERIBERTO SALAZAR-AMAYA, CESAR ACUNA-MORENO, BRUCE SEDILLO, VINCENT MONTOYA, FRANCISCO GARCIA, DAVID ANESI, GEORGE NAVARRETE-RAMIREZ, ALEX ANTHONY MARTINEZ, JOSE LUIS MARQUEZ, KAITLYN YOUNG, DAVID ALTAMIRANO-LOPEZ, ROBERTA HERRERA, MISAEL LOPEZ-RUBIO** and **PHILLIP LOVATO**, unlawfully, knowingly and intentionally engaged in a continuing criminal enterprise, and such violations were part of a continuing series of violations of Title 21 of the United States Code that were undertaken by the defendants in concert with at least five or more other persons with respect to whom the defendants occupied a position of organizer, a supervisory position, or other positions of management, and from which the defendants obtained substantial income and resources, and the said violations included, but are not limited to, the substantive violations alleged in:

a. Counts 3, 4, 7, 10, 11 and 12: 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vi): Distribution of 400 Grams and More of Fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide); 18 U.S.C. § 2: Aiding and Abetting;

b. Count 5: 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vi): Distribution of 400 Grams and More of Fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide);

c. Counts 6 and 13: 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vi): Possession with Intent to Distribute 400 Grams and More of Fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide);

3

d. Counts 8, 17, 22, 23 and 24: 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vi): Possession with Intent to Distribute 400 Grams and More of Fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide); 18 U.S.C. § 2: Aiding and Abetting;

e. Count 15: 21 U.S.C. §§ 841(a)(1) and (b)(1)(C): Possession with Intent to Distribute Fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide);

f. Counts 18 and 25: 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii): Possession with Intent to Distribute 500 Grams and More of a Mixture and Substance Containing Methamphetamine; 18 U.S.C. § 2: Aiding and Abetting;

g. Counts 19 and 26: 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(i): Possession with Intent to Distribute One Kilogram and More of Heroin; 18 U.S.C. § 2: Aiding and Abetting;

h. Counts 27: 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(ii): Possession with Intent to Distribute 500 Grams and More of Cocaine; 18 U.S.C. § 2: Aiding and Abetting;

i. Count 20 and 28: 21 U.S.C. §§ 841(a)(1) and (b)(1)(C): Possession with Intent to Distribute a Mixture and Substance Containing Cocaine; 18 U.S.C. § 2: Aiding and Abetting;

and the substantive violations alleged in the Manner and Means in Count 2, including Manner and Means Numbers 2, 3, and 6 through 41.

All in violation of 21 U.S.C. § 848(a).

### Count 2

From on or about July 1, 2024, and continuing to on or about April 29, 2025, in Bernalillo County, in the District of New Mexico, and elsewhere, the defendants, **HERIBERTO SALAZAR-AMAYA, CESAR ACUNA-MORENO, BRUCE SEDILLO, VINCENT MONTOYA, FRANCISCO GARCIA, DAVID ANESI, GEORGE NAVARRETE-RAMIREZ, ALEX ANTHONY MARTINEZ, JOSE LUIS MARQUEZ, NICHOLAS TANNER, BRIAN SANCHEZ, KAITLYN YOUNG, ALAN SINGER, DAVID ALTAMIRANO-LOPEZ, ROBERTA HERRERA, MISAEL LOPEZ-RUBIO** and PHILLIP

LOVATO unlawfully, knowingly and intentionally combined, conspired, confederated, agreed, and acted interdependently with each other and with other persons whose names are known and unknown to the Grand Jury to commit an offense defined in 21 U.S.C. § 841(a)(1), specifically, distribution of a controlled substance.

<u>Controlled Substances Involved in the Conspiracy</u>

With respect to **HERIBERTO SALAZAR-AMAYA, CESAR ACUNA-MORENO, BRUCE SEDILLO, VINCENT MONTOYA, FRANCISCO GARCIA, DAVID ANESI, GEORGE NAVARRETE-RAMIREZ, ALEX ANTHONY MARTINEZ, JOSE LUIS MARQUEZ, NICHOLAS TANNER, BRIAN SANCHEZ, KAITLYN YOUNG, ALAN SINGER, DAVID ALTAMIRANO-LOPEZ, ROBERTA HERRERA, MISAEL LOPEZ-RUBIO** and PHILLIP LOVATO the amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide) involved in the conspiracy attributable to each of them as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them, is 400 grams and more of a mixture and substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide), contrary to 21 U.S.C. § 841(b)(1)(A)(vi).

In violation of 21 U.S.C. § 846.

<u>Manner and Means</u>

The manner and means by which the defendants, **HERIBERTO SALAZAR-AMAYA, CESAR ACUNA-MORENO, BRUCE SEDILLO, VINCENT MONTOYA, FRANCISCO GARCIA, DAVID ANESI, GEORGE NAVARRETE-RAMIREZ, ALEX ANTHONY MARTINEZ, JOSE LUIS MARQUEZ, NICHOLAS TANNER, BRIAN SANCHEZ, KAITLYN YOUNG, ALAN SINGER, DAVID ALTAMIRANO-LOPEZ, ROBERTA**

HERRERA, MISAEL LOPEZ-RUBIO and PHILLIP LOVATO, sought to accomplish the objectives of the conspiracy included, but are not limited to, the following:

1.      It was part of the conspiracy that between on or about July 1, 2024, and on or about April 29, 2025, the defendants, **HERIBERTO SALAZAR-AMAYA** and **GEORGE NAVARRETE-RAMIREZ**, utilized AirBnbs to house drug couriers and process and stash narcotics and drug proceeds.

2.      It was part of the conspiracy that between on or about July 1, 2024, and on or about April 29, 2025, the defendant, **HERIBERTO SALAZAR-AMAYA**, utilized dozens of cellular telephones to conduct drug transactions.

3.      It was part of the conspiracy that between on or about July 1, 2024, and on or about April 29, 2025, the defendants, **HERIBERTO SALAZAR AMAYA, GEORGE NAVARRETE-RAMIREZ, CESAR ACUNA-MORENO, DAVID ALTAMIRANO-LOPEZ** and **MISAEL LOPEZ-RUBIO**, utilized storage facilities to stash illegal narcotics, drug proceeds and cash.

4.      It was part of the conspiracy that between on or about July 1, 2024, and on or about April 29, 2025, the defendant, **HERIBERTO SALAZAR-AMAYA**, purchased courier and load vehicles with cash.

5.      It was part of the conspiracy that between on or about July 1, 2024, and on or about April 29, 2025, the defendant, **GEORGE NAVARRETE-RAMIREZ**, kept a physical ledger to record drug transactions.

6.      It was part of the conspiracy that between on or about August 9, 2024, and on or about August 10, 2024, the defendants, **HERIBERTO SALAZAR-AMAYA, DAVID ANESI, VINCENT MONTOYA** and an unindicted co-conspirator, used a communication facility to

violate 21 U.S.C. § 843(b), and did in fact commit, a violation of 21 U.S.C. § 841(a)(1); 18 U.S.C. § 2:  Aiding and Abetting.

7.    It was part of the conspiracy that on or about August 13, 2024, the defendant, **DAVID ANESI** and an unindicted co-conspirator, used a communication facility to violate 21 U.S.C. § 843(b).

8.    It was part of the conspiracy that on or about August 14, 2024, the defendants, **HERIBERTO SALAZAR-AMAYA, DAVID ANESI** and an unindicted co-conspirator, used a communication facility to violate 21 U.S.C. § 843(b), and did, in fact, commit a violation of 21 U.S.C. § 841(a)(1); 18 U.S.C. § 2:  Aiding and Abetting.

9.    It was part of the conspiracy that on or about August 17, 2024, the defendants, **HERIBERTO SALAZAR-AMAYA, DAVID ANESI, VINCENT MONTOYA** and **GEORGE NAVARRETE-RAMIREZ** used a communication facility to violate 21 U.S.C. § 843(b), and did, in fact, commit a violation of 21 U.S.C. § 841(a)(1); 18 U.S.C. § 2:  Aiding and Abetting.

10.    It was part of the conspiracy that on or about August 23, 2024, the defendants, **HERIBERTO SALAZAR-AMAYA, GEORGE NAVARRETE-RAMIREZ** and **DAVID ANESI**, used a communication facility to violate 21 U.S.C. § 843(b), and did, in fact, commit, a violation of 21 U.S.C. § 841(a)(1); 18 U.S.C. § 2:  Aiding and Abetting.

11.    It was part of the conspiracy that on or about August 25, 2024, the defendants, **HERIBERTO SALAZAR-AMAYA, GEORGE NAVARRETE-RAMIREZ** and **DAVID ANESI**, used a communication facility to violate 21 U.S.C. § 843(b), and did, in fact, commit a violation of 21 U.S.C. § 841(a)(1); 18 U.S.C. § 2:  Aiding and Abetting.

12.    It was part of the conspiracy that on or about September 2, 2024, the defendants, **HERIBERTO SALAZAR-AMAYA, GEORGE NAVARRETE-RAMIREZ** and **VINCENT**

7

**MONTOYA,** used a communication facility to violate 21 U.S.C. § 843(b), and did, in fact, commit a violation of 21 U.S.C. § 841(a)(1); 18 U.S.C. § 2: Aiding and Abetting.

13. It was part of the conspiracy that on or about September 3, 2024, the defendants, **HERIBERTO SALAZAR-AMAYA, GEORGE NAVARRETE-RAMIREZ,** and **DAVID ANESI,** used a communication facility to violate 21 U.S.C. § 843(b), and did, in fact, commit a violation of 21 U.S.C. § 841(a)(1); 18 U.S.C. § 2: Aiding and Abetting.

14. It was part of the conspiracy that on or about September 21, 2024, the defendants, **HERIBERTO SALAZAR-AMAYA** and **ALAN SINGER,** used a communication facility to violate 21 U.S.C. § 843(b).

15. It was part of the conspiracy that on or about September 22, 2024, the defendants, **HERIBERTO SALAZAR-AMAYA** and **ALAN SINGER,** used a communication facility to violate 21 U.S.C. § 843(b).

16. It was part of the conspiracy that on or about September 23, 2024, the defendants, **HERIBERTO SALAZAR-AMAYA** and **ALAN SINGER,** used a communication facility to violate 21 U.S.C. § 843(b).

17. It was part of the conspiracy that on or about November 4, 2024, the defendants, **HERIBERTO SALAZAR-AMAYA** and **DAVID ANESI,** used a communication facility to violate 21 U.S.C. § 843(b), and did, in fact, commit a violation of 21 U.S.C. § 841(a)(1); 18 U.S.C. § 2: Aiding and Abetting.

18. It was part of the conspiracy that on or about November 6, 2024, the defendants, **BRUCE SEDILLO** and **ALEX ANTHONY MARTINEZ,** used a communication facility to violate 21 U.S.C. § 843(b).

19.    It was part of the conspiracy that on or about November 8, 2024, the defendants, **BRUCE SEDILLO** and **JOSE LUIS MARQUEZ**, used a communication facility to violate 21 U.S.C. § 843(b).

20.    It was part of the conspiracy that on or about November 8, 2024, the defendants, **BRUCE SEDILLO** and **JOSE LUIS MARQUEZ**, used a communication facility to violate 21 U.S.C. § 843(b).

21.    It was part of the conspiracy that on or about November 10, 2024, the defendants, **BRUCE SEDILLO** and **ALEX ANTHONY MARTINEZ**, used a communication facility to violate 21 U.S.C. § 843(b), and did, in fact, commit a violation of 21 U.S.C. § 841(a)(1); 18 U.S.C. § 2: Aiding and Abetting.

22.    It was part of the conspiracy that on or about November 11, 2024, the defendants, **BRUCE SEDILLO** and **ALEX ANTHONY MARTINEZ**, used a communication facility to violate 21 U.S.C. § 843(b).

23.    It was part of the conspiracy that on or about November 11, 2024, the defendants, **BRUCE SEDILLO** and **ALEX ANTHONY MARTINEZ**, used a communication facility to violate 21 U.S.C. § 843(b).

24.    It was part of the conspiracy that on or about January 6, 2025, the defendants, **HERIBERTO SALAZAR-AMAYA** and **CESAR ACUNA-MORENO**, used a communication facility to violate 21 U.S.C. § 843(b).

25.    It was part of the conspiracy that on or about January 17, 2025, the defendants, **HERIBERTO SALAZAR-AMAYA, CESAR ACUNA-MORENO** and **VINCENT MONTOYA**, used a communication facility to violate 21 U.S.C. § 843(b), and did, in fact, commit a violation of 21 U.S.C. § 841(a)(1); 18 U.S.C. § 2: Aiding and Abetting.

26.     It was part of the conspiracy that on or about January 18, 2025, the defendants, **HERIBERTO SALAZAR-AMAYA** and **VINCENT MONTOYA**, used a communication facility to violate 21 U.S.C. § 843(b), and did, in fact, commit a violation of 21 U.S.C. § 841(a)(1); 18 U.S.C. § 2: Aiding and Abetting.

27.     It was part of the conspiracy that on or about January 18, 2025, the defendants, **HERIBERTO SALAZAR-AMAYA** and **CESAR ACUNA-MORENO**, used a communication facility to violate 21 U.S.C. § 843(b).

28.     It was part of the conspiracy that on or about January 20, 2025, the defendants, **HERIBERTO SALAZAR-AMAYA**, **CESAR ACUNA-MORENO**, and **DAVID ANESI**, used a communication facility to violate 21 U.S.C. § 843(b), and did, in fact, commit a violation of 21 U.S.C. § 841(a)(1); 18 U.S.C. § 2: Aiding and Abetting.

29.     It was part of the conspiracy that on or about January 26, 2025, the defendants, **HERIBERTO SALAZAR-AMAYA** and **FRANCISCO GARCIA**, used a communication facility to violate 21 U.S.C. § 843(b).

30.     It was part of the conspiracy that on or about January 28, 2025, the defendants, **HERIBERTO SALAZAR-AMAYA**, **CESAR ACUNA-MORENO**, and **DAVID ANESI**, used a communication facility to violate 21 U.S.C. § 843(b), and did, in fact, commit a violation of 21 U.S.C. § 841(a)(1); 18 U.S.C. § 2: Aiding and Abetting.

31.     It was part of the conspiracy that on or about March 12, 2025, the defendants, **HERIBERTO SALAZAR-AMAYA** and **VINCENT MONTOYA**, used a communication facility to violate 21 U.S.C. § 843(b).

32. It was part of the conspiracy that on or about March 14, 2025, the defendants, **HERIBERTO SALAZAR-AMAYA** and **VINCENT MONTOYA**, used a communication facility to violate 21 U.S.C. § 843(b).

33. It was part of the conspiracy that on or about March 24, 2025, the defendants, **HERIBERTO SALAZAR-AMAYA** and **DAVID ALTAMIRANO-LOPEZ**, used a communication facility to violate 21 U.S.C. § 843(b).

34. It was part of the conspiracy that on or about March 25, 2025, the defendants, **HERIBERTO SALAZAR-AMAYA** and **VINCENT MONTOYA**, used a communication facility to violate 21 U.S.C. § 843(b).

35. It was part of the conspiracy that on or about March 26, 2025, the defendants, **HERIBERTO SALAZAR-AMAYA, CESAR ACUNA-MORENO** and **VINCENT MONTOYA**, used a communication facility to violate 21 U.S.C. § 843(b).

36. It was part of the conspiracy that on or about March 26, 2025, the defendants, **HERIBERTO SALAZAR-AMAYA, CESAR ACUNA-MORENO, VINCENT MONTOYA** and **ROBERTA HERRERA**, violated 21 U.S.C. § 841(a)(1); 18 U.S.C. § 2: Aiding and Abetting.

37. It was part of the conspiracy that on or about April 7, 2025, the defendants, **HERIBERTO SALAZAR-AMAYA, CESAR ACUNA-MORENO, DAVID ALTAMIRANO-LOPEZ, ALAN SINGER** and **KAITLYN YOUNG**, used a communication facility to violate 21 U.S.C. § 843(b), and did, in fact, commit a violation of 21 U.S.C. § 841(a)(1); 18 U.S.C. § 2: Aiding and Abetting.

38. It was part of the conspiracy that on or about April 12, 2025, the defendants, **HERIBERTO SALAZAR-AMAYA, CESAR ACUNA-MORENO,** and **DAVID ALTAMIRANO-LOPEZ**, used a communication facility to violate 21 U.S.C. § 843(b).

39.    It was part of the conspiracy that on or about April 14, 2025, the defendants, **HERIBERTO SALAZAR-AMAYA** and **DAVID ALTAMIRANO-LOPEZ**, used a communication facility to violate 21 U.S.C. § 843(b).

40.    It was part of the conspiracy that on or about April 16, 2025, the defendants, **HERIBERTO SALAZAR-AMAYA, CESAR ACUNA-MORENO** and **DAVID ALTAMIRANO-LOPEZ**, used a communication facility to violate 21 U.S.C. § 843(b).

41.    It was part of the conspiracy that between on or about July 1, 2024, and on or about April 29, 2025, the defendants, **HERIBERTO SALAZAR-AMAYA, CESAR ACUNA-MORENO, BRUCE SEDILLO, VINCENT MONTOYA, FRANCISCO GARCIA, DAVID ANESI, GEORGE NAVARRETE-RAMIREZ, ALEX ANTHONY MARTINEZ, JOSE LUIS MARQUEZ, NICHOLAS TANNER, BRIAN SANCHEZ, KAITLYN YOUNG, ALAN SINGER, DAVID ALTAMIRANO-LOPEZ, ROBERTA HERRERA, MISAEL LOPEZ-RUBIO** and PHILLIP LOVATO, possessed with intent to distribute, approximately 4 million fentanyl pills, approximately 7.7 kilograms of fentanyl powder, approximately 30 kilograms of methamphetamine, approximately 13.7 kilograms of cocaine, and approximately 6.7 kilograms of heroin, at residences, AirBnbs, vehicles, and storage units operated and controlled by the defendants, which were seized by law enforcement.

In violation of 21 U.S.C. § 846.

### Count 3

On or about July 24, 2024, in Bernalillo County, in the District of New Mexico, and elsewhere, the defendants, **HERIBERTO SALAZAR-AMAYA, CESAR ACUNA-MORENO, BRIAN SANCHEZ,** and **KAITLYN YOUNG,** unlawfully, knowingly and intentionally distributed a controlled substance, and the offense involved 400 grams and more of a mixture and

substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide).

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vi), and 18 U.S.C. § 2.

### Count 4

On or about September 9, 2024, in Bernalillo County, in the District of New Mexico, and elsewhere, the defendants, **HERIBERTO SALAZAR-AMAYA, CESAR ACUNA-MORENO, BRIAN SANCHEZ, KAITLYN YOUNG**, and **ALAN SINGER**, unlawfully, knowingly and intentionally distributed a controlled substance, and the offense involved 400 grams and more of a mixture and substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide).

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vi), and 18 U.S.C. § 2.

### Count 5

On or about November 9, 2024, in Bernalillo County, in the District of New Mexico, and elsewhere, the defendant, **BRUCE SEDILLO**, unlawfully, knowingly and intentionally distributed a controlled substance, and the offense involved 400 grams and more of a mixture and substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide).

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vi).

### Count 6

On or about November 9, 2024, in Lea County, in the District of New Mexico, and elsewhere, the defendant, **JOSE LUIS MARQUEZ**, unlawfully, knowingly and intentionally possessed with intent to distribute a controlled substance, and the offense involved 400 grams and

13

more of a mixture and substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide).

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vi).

## Count 7

On or about November 11, 2024, in Bernalillo County, in the District of New Mexico, and elsewhere, the defendants, **HERIBERTO SALAZAR-AMAYA** and **CESAR ACUNA-MORENO**, unlawfully, knowingly and intentionally distributed a controlled substance, and the offense involved 400 grams and more of a mixture and substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide).

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vi), and 18 U.S.C. § 2.

## Count 8

On or about November 13, 2024, in Bernalillo County, in the District of New Mexico, and elsewhere, the defendants, **BRUCE SEDILLO** and **ALEX ANTHONY MARTINEZ**, unlawfully, knowingly and intentionally possessed with intent to distribute a controlled substance, and the offense involved 400 grams and more of a mixture and substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide).

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vi), and 18 U.S.C. § 2.

## Count 9

On or about November 13, 2024, in Bernalillo County, in the District of New Mexico, the defendant, **BRUCE SEDILLO**, knowingly possessed a firearm in furtherance of a drug trafficking crime for which the defendant may be prosecuted in a court of the United States, specifically, possession with intent to distribute fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide) as charged in Count 8 of this indictment.

14

In violation of 18 U.S.C. § 924(c)(1)(A)(i).

## Count 10

On or about April 10, 2025, in Bernalillo County, in the District of New Mexico, and elsewhere, the defendants, **HERIBERTO SALAZAR-AMAYA, CESAR ACUNA-MORENO, FRANCISCO GARCIA,** and **NICHOLAS TANNER,** unlawfully, knowingly and intentionally distributed a controlled substance, and the offense involved 400 grams and more of a mixture and substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide).

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vi), and 18 U.S.C. § 2.

## Count 11

On or about April 26, 2025, in Bernalillo County, in the District of New Mexico, the defendants, **HERIBERTO SALAZAR-AMAYA, CESAR ACUNA-MORENO** and **FRANCISCO GARCIA**, unlawfully, knowingly, and intentionally distributed a controlled substance, and the offense involved 400 grams and more of a mixture and substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide).

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vi), and 18 U.S.C. § 2.

## Count 12

On or about April 26, 2025, in Bernalillo County, in the District of New Mexico, the defendant, **FRANCISCO GARCIA**, and PHILLIP LOVATO, a co-conspirator, unlawfully, knowingly, and intentionally distributed a controlled substance, and the offense involved 400 grams and more of a mixture and substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide).

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vi), and 18 U.S.C. § 2.

## Count 13

On or about April 28, 2025, in Bernalillo County, in the District of New Mexico, and elsewhere, the defendant, **FRANCISCO GARCIA**, unlawfully, knowingly and intentionally possessed with intent to distribute a controlled substance, and the offense involved 40 grams and more of a mixture and substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide).

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vi).

## Count 14

On or about April 28, 2025, in Bernalillo County, in the District of New Mexico, the defendants, **FRANCISCO GARCIA**, knowingly possessed a firearm in furtherance of a drug trafficking crime for which the defendants may be prosecuted in a court of the United States, specifically, possession with intent to distribute fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide) as charged in Count 13 of this superseding indictment.

In violation of 18 U.S.C. § 924(c)(1)(A)(i).

## SENTENCING ALLEGATION

The firearm that the defendant, **FRANCISCO GARCIA**, knowingly possessed on or about April 28, 2025, in furtherance of a drug trafficking crime, occurred after a prior conviction under 18 U.S.C. § 924(c)(1)(A)(i) had become final.

In violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and (c)(1)(C)(i).

## Count 15

On or about April 28, 2025, in Bernalillo County, in the District of New Mexico, and elsewhere, the defendant, **VINCENT MONTOYA**, unlawfully, knowingly and intentionally possessed with intent to distribute a controlled substance, and the offense involved a mixture and

substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide).

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

## Count 16

On or about April 28, 2025, in Bernalillo County, in the District of New Mexico, the defendant, **VINCENT MONTOYA**, knowingly possessed a firearm in furtherance of a drug trafficking crime for which the defendant may be prosecuted in a court of the United States, specifically, possession with intent to distribute fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide) as charged in Count 15 of this superseding indictment.

In violation of 18 U.S.C. § 924(c)(1)(A)(i).

## Count 17

On or about April 28, 2025, in Bernalillo County, in the District of New Mexico, and elsewhere, the defendants, **VINCENT MONTOYA** and **ROBERTA HERRERA**, unlawfully, knowingly and intentionally possessed with intent to distribute a controlled substance, and the offense involved 400 grams and more of a mixture and substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide).

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vi), and 18 U.S.C. § 2.

## Count 18

On or about April 28, 2025, in Bernalillo County, in the District of New Mexico, and elsewhere, the defendants, **VINCENT MONTOYA** and **ROBERTA HERRERA**, unlawfully, knowingly, and intentionally possessed with intent to distribute a controlled substance, and the offense involved 500 grams and more of a mixture and substance containing a detectable amount of methamphetamine.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii), and 18 U.S.C. § 2.

## Count 19

On or about April 28, 2025, in Bernalillo County, in the District of New Mexico, and elsewhere, the defendants, **VINCENT MONTOYA** and **ROBERTA HERRERA**, unlawfully, knowingly, and intentionally possessed with intent to distribute a controlled substance, and the offense involved one kilogram and more of a mixture and substance containing a detectable amount of heroin.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(i), and 18 U.S.C. § 2.

## Count 20

On or about April 28, 2025, in Bernalillo County, in the District of New Mexico, the defendants, **VINCENT MONTOYA** and **ROBERTA HERRERA**, unlawfully, knowingly and intentionally possessed with intent to distribute a controlled substance, and the offense involved a mixture and substance containing a detectable amount of cocaine.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and 18 U.S.C. § 2.

## Count 21

On or about April 28, 2025, in Bernalillo County, in the District of New Mexico, the defendants, **VINCENT MONTOYA** and **ROBERTA HERRERA**, knowingly possessed a firearm in furtherance of a drug trafficking crime for which the defendants may be prosecuted in a court of the United States, specifically, possession with intent to distribute fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide) as charged in Counts 17, 18, 19 and 20 of this superseding indictment.

In violation of 18 U.S.C. § 924(c)(1)(A)(i).

SENTENCING ALLEGATION

The firearm that the defendants, **VINCENT MONTOYA** and **ROBERTA HERRERA**, knowingly possessed on or about April 28, 2025, in furtherance of a drug trafficking crime, was a weapon capable of automatically firing more than one shot, without manual reloading, by single function of the trigger.

In violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and (c)(1)(B)(ii).

Count 22

On or about April 28, 2025, in Bernalillo County, in the District of New Mexico, and elsewhere, the defendants, **HERIBERTO SALAZAR-AMAYA, CESAR ACUNA-MORENO, DAVID ALTAMIRANO-LOPEZ** and **MISAEL LOPEZ-RUBIO**, unlawfully, knowingly and intentionally possessed with intent to distribute a controlled substance stored in a white Chevrolet Silverado with New Mexico Farm & Ranch Heritage license plate number 7190, and the offense involved 400 grams and more of a mixture and substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide).

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vi), and 18 U.S.C. § 2.

Count 23

On or about April 28, 2025, in Bernalillo County, in the District of New Mexico, and elsewhere, the defendants, **HERIBERTO SALAZAR-AMAYA, CESAR ACUNA-MORENO, DAVID ALTAMIRANO-LOPEZ** and **MISAEL LOPEZ-RUBIO**, unlawfully, knowingly and intentionally possessed with intent to distribute a controlled substance stored in a storage unit located at 10880 Unser Blvd. NW, Albuquerque, New Mexico 87114, and the offense involved 400 grams and more of a mixture and substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide).

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vi), and 18 U.S.C. § 2.

### Count 24

On or about April 28, 2025, in Bernalillo County, in the District of New Mexico, and elsewhere, the defendants, **HERIBERTO SALAZAR-AMAYA, CESAR ACUNA-MORENO, DAVID ALTAMIRANO-LOPEZ** and **MISAEL LOPEZ-RUBIO**, unlawfully, knowingly and intentionally possessed with intent to distribute a controlled substance stored in a storage unit located at 4909 Juan Tabo Blvd. NE, Albuquerque, New Mexico 87111, and the offense involved 400 grams and more of a mixture and substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide).

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vi), and 18 U.S.C. § 2.

### Count 25

On or about April 28, 2025, in Bernalillo County, in the District of New Mexico, and elsewhere, the defendants, **HERIBERTO SALAZAR-AMAYA, CESAR ACUNA-MORENO, DAVID ALTAMIRANO-LOPEZ** and **MISAEL LOPEZ-RUBIO**, unlawfully, knowingly, and intentionally possessed with intent to distribute a controlled substance, and the offense involved 500 grams and more of a mixture and substance containing a detectable amount of methamphetamine.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii), and 18 U.S.C. § 2.

### Count 26

On or about April 28, 2025, in Bernalillo County, in the District of New Mexico, and elsewhere, the defendants, **HERIBERTO SALAZAR-AMAYA, CESAR ACUNA-MORENO, DAVID ALTAMIRANO-LOPEZ** and **MISAEL LOPEZ-RUBIO**, unlawfully, knowingly, and

intentionally possessed with intent to distribute a controlled substance, and the offense involved one kilogram and more of a mixture and substance containing a detectable amount of heroin.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(i), and 18 U.S.C. § 2.

### Count 27

On or about April 28, 2025, in Bernalillo County, in the District of New Mexico, the defendants, **HERIBERTO SALAZAR-AMAYA, CESAR ACUNA-MORENO, DAVID ALTAMIRANO-LOPEZ** and **MISAEL LOPEZ-RUBIO,** unlawfully, knowingly and intentionally possessed with intent to distribute a controlled substance, and the offense involved 500 grams and more of a mixture and substance containing a detectable amount of cocaine.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(ii), and 18 U.S.C. § 2.

### Count 28

On or about April 28, 2025, in Bernalillo County, in the District of New Mexico, and elsewhere, the defendants, **HERIBERTO SALAZAR-AMAYA, CESAR ACUNA-MORENO, DAVID ALTAMIRANO-LOPEZ** and **MISAEL LOPEZ-RUBIO**, unlawfully, knowingly, and intentionally distributed a controlled substance, and the offense involved a mixture and substance containing a detectable amount of cocaine.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and 18 U.S.C. § 2.

### Count 29

On or about July 1, 2024, through on or about April 28, 2025, the defendant, **HERIBERTO SALAZAR-AMAYA,** an alien, knowingly entered, attempted to enter, and was found in the United States, in Bernalillo County, in the District of New Mexico, and elsewhere, contrary to law in that the defendant had been previously deported, excluded, and removed and departed the United States on or about April 2, 2010, and September 8, 2012, while an Order of Exclusion, Deportation

21

and Removal was outstanding, and the defendant had not obtained the express consent of the Secretary for Homeland Security to reapply for admission into the United States.

In violation of 8 U.S.C. §§ 1326(a) and (b).

## Count 30

Beginning on a date unknown, but no later than on or about July 1, 2024, and continuing to on or about April 28, 2025, in Bernalillo County, in the District of New Mexico, and elsewhere, the defendant, **HERIBERTO SALAZAR-AMAYA**, hired for employment in the United States one alien, knowing that said alien was an unauthorized alien.

In violation of 18 U.S.C. §§ 1324a(a)(1)(A) and (f)(1).

## Count 31

Beginning on a date unknown, but no later than on or about July 1, 2024, and continuing to on or about April 28, 2025, in Bernalillo County, in the District of New Mexico, and elsewhere, the defendant, **HERIBERTO SALAZAR-AMAYA**, unlawfully, knowingly, and intentionally combined, conspired, confederated, agreed, and acted interdependently with other persons whose names are known and unknown to commit an offense defined in 8 U.S.C. §§ 1324(a)(1)(A)(iii) and (a)(1)(B)(i), specifically, harboring unauthorized aliens.

In violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I).

## FORFEITURE ALLEGATIONS

Counts 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, and 28 of this superseding indictment are realleged and incorporated as part of this section for the purpose of alleging forfeiture to the United States pursuant to 21 U.S.C. § 853.

Upon conviction of any offense in violation of 21 U.S.C. §§ 841 or 846, the defendants, **HERIBERTO SALAZAR AMAYA, CESAR ACUNA-MORENO, DAVID**

22

**ALTAMIRANO-LOPEZ** and **MISAEL LOPEZ-RUBIO**, shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of each offense for which the defendant is convicted, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense(s) of conviction.

The property to be forfeited to the United States includes, but is not limited to, the following:

      a.  approximately $215,744.00 in United States currency.

Upon conviction of any offense in violation of 21 U.S.C. §§ 841 or 846, the defendant, **DAVID ANESI**, shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of each offense for which the defendant is convicted, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense(s) of conviction.

The property to be forfeited to the United States includes, but is not limited to, the following:

      a.    approximately $18,907.00 in United States currency.

Upon conviction of any offense in violation of 21 U.S.C. §§ 841 or 846, the defendant, **ALEX ANTHONY MARTINEZ**, shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of each offense for which the defendant is convicted, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense(s) of conviction.

The property to be forfeited to the United States includes, but is not limited to, the following:

23

  a. approximately $4,522.00 in United States currency.

Upon conviction of any offense in violation of 21 U.S.C. §§ 841 or 846, the defendant, **FRANCISCO GARCIA**, shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of each offense for which the defendant is convicted, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense(s) of conviction.

The property to be forfeited to the United States includes, but is not limited to, the following:

  a. FN 9mm pistol, serial number CCW0025660,

  b. approximately 15 rounds of 9mm ammunition,

  a. approximately $24,740.00 in United States currency.

Upon conviction of any offense in violation of 18 U.S.C. § 924(c), the defendant, **FRANCISCO GARCIA**, shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in the commission of the offense, including, but not limited to:

  c. FN 9mm pistol, serial number CCW0025660, and

  d. approximately 15 rounds of 9mm ammunition.

Upon conviction of any offense in violation of 21 U.S.C. §§ 841 or 846, the defendant, **BRUCE SEDILLO**, shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of each offense for which the defendant is convicted, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense(s) of conviction.

The property to be forfeited to the United States includes, but is not limited to, the following:

    a.  M&P Bodyguard; serial number KHY4461,

    b.  silver Glock style P80 pistol with a black suppressor, no serial number ("ghost gun"),

    c.  AR-15 style Bushmaster XM15-E25, serial number BFI405723,

    d.  American Tactical Omni Hybrid, serial number NS177268,

    e.  Palmetto PA15 with suppressor, serial number SCD226011, and

    f.  approximately $72,445.00 in United States currency.

Upon conviction of any offense in violation of 18 U.S.C. § 924(c), the defendant, **BRUCE SEDILLO**, shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in the commission of the offense, including, but not limited to:

    a.  M&P Bodyguard, serial number KHY4461,

    b.  silver Glock style P80 pistol with a black suppressor, no serial number ("ghost gun"),

    c.  AR-15 style Bushmaster XM15-E25, serial number BFI405723,

    d.  American Tactical Omni Hybrid, serial number NS177268, and

    e.  Palmetto PA15 with suppressor, serial number SCD226011.

Upon conviction of any offense in violation of 21 U.S.C. § 841, the defendant, **VINCENT MONTOYA**, shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses and any property used, or intended to be used, in any manner or part, to commit, or to

25

facilitate the commission of, the offenses. The property to be forfeited includes, but is not limited to:

    a.  Rohm RG 20 revolver, .22 caliber, serial number 60470,

    b.  Rohm RG 14 revolver, .22 caliber, serial number L674084,

    c.  Anderson AM-15 rifle, serial number 19284568,

    d.  Romarm Draco, AK-47, 7.62x39 caliber, serial number ROA 22 DG-5305,

    e.  10-22 Ruger long rifle, serial number 0009-51206,

    f.  Beretta, model .20, .25 caliber pistol, serial number BE05151V,

    g.  Jana Bison .22 long caliber revolver, serial number 367561,

    h.  CZ 85 Combat, .40 caliber pistol, serial number B364269,

    i.  FNH, model FNS-40, .40 caliber pistol, serial number GKU0006091,

    j.  Springfield XDS-9, 9mm caliber pistol, serial number S3662973,

    k.  Taurus Judge, .45/410 caliber revolver, serial number AU26085,

    l.  Kel Tec shotgun, model KSG, serial number XXM703,

    m.  Century Arms Canik 9x19, 9mm caliber, serial number T6472-21 CC10183,

    n.  Anderson AM-15, serial number 22074976, and

    o.  approximately $2,476.00 in United States currency.

Upon conviction of any offense in violation of 18 U.S.C. § 924(c), the defendant, **VINCENT MONTOYA**, shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in the commission of the offense(s), including, but not limited to:

    a.  Rohm RG 20 revolver, .22 caliber, serial number 60470,

    b.  Rohm RG 14 revolver, .22 caliber, serial number L674084,

c.  Anderson AM-15 rifle, serial number 19284568,

d.  Romarm Draco, AK-47, 7.62x39 caliber, serial number ROA 22 DG-5305,

e.  10-22 Ruger long rifle, serial number 0009-51206,

f.  Beretta, model .20, .25 caliber pistol, serial number BE05151V,

g.  Jana Bison .22 long caliber revolver, serial number 367561,

h.  CZ 85 Combat, .40 caliber pistol, serial number B364269,

i.  FNH, model FNS-40, .40 caliber pistol, serial number GKU0006091,

j.  Springfield XDS-9, 9mm caliber pistol, serial number S3662973,

k.  Taurus Judge, .45/410 caliber revolver, serial number AU26085,

l.  Kel Tec shotgun, model KSG, serial number XXM703,

m.  Century Arms Canik 9x19, 9mm caliber, serial number T6472-21 CC10183, and

n.  Anderson AM-15, serial number 22074976.

Upon conviction of any offense in violation of 21 U.S.C. § 841, the defendants, **VINCENT MONTOYA** and **ROBERTA HERRERA**, shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses. The property to be forfeited includes, but is not limited to:

a.  Canik SFx Rival 9x19 9mm handgun, serial number T6472-22CM30658,

b.  black and tan AR-style 5.56x45mm pistol with no serial number ("ghost gun"),

c.  Keltec Sub2000 9mm pistol carbine, serial number 07401,

d.  Smith & Wesson M&P Shield .40 caliber handgun, serial number JDV5702,

e.  Intratec TEC-9 9mm pistol carbine, serial number 02015,

f.   Smith & Wesson 9mm pistol, serial number HXP8229,

g.   Colt .22 caliber pistol, serial number PH36149,

h.   9mm handgun with no serial number, comprised of a Polymer 80 brand polymer lower, model number PF940V2, with 9mm upper ("ghost gun"),

i.   Bryco Jennings Nine 9mm handgun, serial number 1413813,

j.   Hi-Point C9 9mm handgun, serial P1698087,

k.   Ruger LC9 9mm handgun, serial number 25-2358,

l.   Ruger American 9mm handgun, serial number 860-08862,

m.   Diamondback DB 380 .380 caliber handgun, serial number ZH8484,

n.   Iver Johnson Target 55A .22 caliber revolver, serial number H44606,

o.   Smith & Wesson M&P FPC 9mm pistol carbine, serial number VA28030,

p.   Connecticut Valley Arms .50 caliber back powder pistol, no serial number,

q.   grey Ghost Precision 9mm pistol, no serial number ("ghost gun"),

r.   Glock polymer lower 9mm pistol, no serial number ("ghost gun"),

s.   Ruger EC9S 9mm handgun, serial number 458-63348,

t.   Springfield Armory Hellcat 9mm handgun, serial number BY388646,

u.   Glock 43X, 9mm handgun, serial number BZNK859,

v.   Smith & Wesson M&P 2.0 10mm handgun, serial number NMV8695,

w.   Kimber Micro 9mm handgun, serial number PB0238281,

x.   Ruger SP101 .357 caliber magnum revolver, serial number 578-46105,

y.   9mm pistol comprised of a Glock lower with serial number BKZC204 and a non-Glock upper slide with no serial number,

z. 9mm fully automatic pistol comprised of a Glock lower with serial number BUXP852 and a Grey Ghost Precision upper slide with no serial number and an installed machinegun conversion device,

aa. approximately 98 rounds of 9mm caliber ammunition,

bb. approximately 10 rounds of .22 caliber ammunition,

cc. approximately three rounds of .40 caliber ammunition,

dd. approximately 12 rounds of .10mm caliber ammunition,

ee. approximately 30 rounds of .357 caliber ammunition, and

ff. approximately $348,306.00 in United States currency.

Upon conviction of any offense in violation of 18 U.S.C. § 924(c), the defendants, **VINCENT MONTOYA** and **ROBERTA HERRERA**, shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in the commission of the offense(s), including, but not limited to:

a. Canik SFx Rival 9x19 9mm handgun, serial number T6472-22CM30658,

b. black and tan AR-style 5.56x45mm pistol with no serial number ("ghost gun"),

c. Keltec Sub2000 9mm pistol carbine, serial number 07401,

d. Smith & Wesson M&P Shield .40 caliber handgun, serial number JDV5702,

e. Intratec TEC-9 9mm pistol carbine, serial number 02015,

f. Smith & Wesson 9mm pistol, serial number HXP8229,

g. Colt .22 caliber pistol, serial number PH36149,

h. 9mm handgun with no serial number, comprised of a Polymer 80 brand polymer lower, model number PF940V2, with 9mm upper ("ghost gun"),

i. Bryco Jennings Nine 9mm handgun, serial number 1413813,

29

j.  Hi-Point C9 9mm handgun, serial P1698087,

k.  Ruger LC9 9mm handgun, serial number 25-2358,

l.  Ruger American 9mm handgun, serial number 860-08862,

m.  Diamondback DB 380 .380 caliber handgun, serial number ZH8484,

n.  Iver Johnson Target 55A .22 caliber revolver, serial number H44606,

o.  Smith & Wesson M&P FPC 9mm pistol carbine, serial number VA28030,

p.  Connecticut Valley Arms .50 caliber back powder pistol, no serial number,

q.  grey Ghost Precision 9mm pistol, no serial number ("ghost gun"),

r.  Glock polymer lower 9mm pistol, no serial number ("ghost gun"),

s.  Ruger EC9S 9mm handgun, serial number 458-63348,

t.  Springfield Armory Hellcat 9mm handgun, serial number BY388646,

u.  Glock 43X, 9mm handgun, serial number BZNK859,

v.  Smith & Wesson M&P 2.0 10mm handgun, serial number NMV8695,

w.  Kimber Micro 9mm handgun, serial number PB0238281,

x.  Ruger SP101 .357 caliber magnum revolver, serial number 578-46105,

y.  9mm pistol comprised of a Glock lower with serial number BKZC204 and a non-Glock upper slide with no serial number,

z.  9mm fully automatic pistol comprised of a Glock lower with serial number BUXP852 and a Grey Ghost Precision upper slide with no serial number and an installed machinegun conversion device,

aa. approximately 98 rounds of 9mm caliber ammunition,

bb. approximately 10 rounds of .22 caliber ammunition,

cc. approximately three rounds of .40 caliber ammunition,

dd. approximately 12 rounds of .10mm caliber ammunition, and

ee. approximately 30 rounds of .357 caliber ammunition.

A TRUE BILL:

/s/
FOREPERSON OF THE GRAND JURY

Assistant United States Attorney