**FILED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

**JUL 0 2 2025**

**MITCHELL R. ELFERS
CLERK**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Crim. No. 25-879 JB

**BRUCE SEDILLO,**

    Defendant.

## PLEA AGREEMENT

Pursuant to Rule 11, Fed. R. Crim. P., the parties notify the Court of the following agreement between the United States of America, by the United States Attorney for the District of New Mexico, and the Defendant, **BRUCE SEDILLO**, with the advice and counsel of his attorney, Paul Linnenburger. This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

### REPRESENTATION BY COUNSEL

1.     The Defendant understands the Defendant's right to be represented by an attorney and is so represented. The Defendant has thoroughly reviewed all aspects of this case with the Defendant's attorney and is fully satisfied with that attorney's legal representation.

### RIGHTS OF THE DEFENDANT

2.     The Defendant further understands the Defendant's rights:

    a.     to be prosecuted by indictment;

    b.     to plead not guilty, or having already so pleaded, to persist in that plea;

    c.     to have a trial by jury; and

d.  at a trial:

　　i.  to confront and cross-examine adverse witnesses,

　　ii.  to be protected from compelled self-incrimination,

　　iii.  to testify and present evidence on the Defendant's own behalf, and

　　iv.  to compel the attendance of witnesses for the defense.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3. The Defendant agrees to waive these rights and to plead guilty to:

   a. Count 2 of the Superseding Indictment charging a violation of 21 U.S.C. § 846, that being Conspiracy;

   b. Count 5 of the Superseding Indictment charging a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vi), that being Distribution of 400 Grams and More of Fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide); and 18 U.S.C. § 2;

   c. Count 8 of the Superseding Indictment charging a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vi), that being Possession with Intent to Distribute 400 Grams and More of Fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide); and

   d. Count 9 of the Superseding Indictment charging a violation of 18 U.S.C. § 924(c)(1)(A)(i), that being Possessing a Firearm in Furtherance of a Drug Trafficking Crime.

## SENTENCING

4. The Defendant understands that the minimum and maximum penalty provided by law for Counts 2, 5, and 8 of the Superseding Indictment is:

      a.      imprisonment for a period of not less than ten years and not more than life;

      b.      a fine not to exceed the greater of $10 million or twice the pecuniary gain to Defendant or pecuniary loss to the victim;

      c.      a term of supervised release of not less than five years and not more than life to follow any term of imprisonment. (If Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, Defendant's supervised release could be revoked — even on the last day of the term — and Defendant could then be returned to another period of incarceration and a new term of supervised release.); and

      d.      a mandatory special penalty assessment of $100.00.

5.      The Defendant understands that the minimum and maximum penalty provided by law for Count 9 of the Superseding Indictment is:

      a.      imprisonment for a period of not less than five years consecutive up to life;

      b.      a fine not to exceed $250,000;

      c.      a term of supervised release of not more than five years to follow any term of imprisonment. (If Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, Defendant's supervised release could be revoked — even on the last day of the term — and Defendant could then be returned to another period of incarceration and a new term of supervised release.); and

      d.      a mandatory special penalty assessment of $100.00.

6.      The parties recognize that the federal sentencing guidelines are advisory and that the Court is required to consider them in determining the sentence it imposes. The Defendant

further recognizes that while the Defendant's attorney may have made a prediction or estimate of the sentence that the Court may impose, the Defendant understands that the Court is not bound by any such estimate or prediction.

## ELEMENTS OF THE OFFENSES

7. If this matter proceeded to trial, the Defendant understands that the United States would be required to prove, beyond a reasonable doubt, the following elements for violations of the charges listed below:

Count 2 of the Superseding Indictment: 21 U.S.C. § 846, that being Conspiracy:

| | |
|---|---|
| *First*: | two or more persons agreed to violate the federal drug laws; |
| *Second*: | the defendant knew the essential objective of the conspiracy; |
| *Third*: | the defendant knowingly and voluntarily involved himself in the conspiracy; |
| *Fourth*: | there was interdependence among the members of the conspiracy; and |
| *Fifth*: | the overall scope of the conspiracy involved at least 400 grams of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide). |

Count 5 of the Superseding Indictment: 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vi): Distribution of 400 Grams and More of Fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide):

| | |
|---|---|
| *First*: | the defendant knowingly or intentionally distributed a controlled substance as charged; |
| *Second*: | the defendant knew the substance was in fact fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide); and |
| *Third*: | the amount of the controlled substance possessed by the defendant was at least 400 grams of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide). |

4

Count 8 of the Superseding Indictment: 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vi): Possession with Intent to Distribute 400 Grams and More of Fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide):

*First*: the defendant knowingly or intentionally possessed a controlled substance as charged;

*Second*: the defendant knew the substance was in fact fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide) ;

*Third*: the defendant possessed the substance with intent to distribute it; and

*Fourth*: the amount of the controlled substance possessed by the defendant was at least 400 grams fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide).

Count 9 of the Superseding Indictment: 18 U.S.C. § 924(c)(1)(A)(i), that being Possessing a Firearm in Furtherance Commission of a Drug Trafficking Crime:

*First*: the defendant committed a drug trafficking crime;

*Second*: the defendant possessed a firearm; and

*Third*: the defendant possessed the firearm in furtherance of a drug trafficking crime.

## DEFENDANT'S ADMISSION OF FACTS

8. By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offense(s) to which I am pleading guilty. I recognize and accept responsibility for my criminal conduct. Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offense(s) to which I am pleading guilty beyond a reasonable doubt, including any facts alleged in the superseding indictment that increase the statutory minimum or

mapximum penalties. I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

## Counts 2 and 5

On or about November 8, 2024, I, Bruce Sedillo, communicated via telephone with a customer from the Hobbs, New Mexico area about selling fentanyl pills to him the next day. I admit and agree that law enforcement recorded this conversation, and that I am one of two individuals recorded, with the customer being the other. On November 9, 2024, I again communicated with the customer via telephone, who confirmed that he would drive to my residence located at 8006 Morrow Ave. SE, Albuquerque, New Mexico 87110, to purchase fentanyl pills. I admit and agree that law enforcement recorded this conversation, and that I am one of two individuals recorded, with the customer being the other. On November 9, 2024, I sold approximately 11,000 fentanyl pills out of my 8006 Morrow Ave. SE residence to the customer in exchange for cash. I later learned and agree that the customer was stopped by law enforcement in Tatum, New Mexico, where he was found in possession of approximately 11,000 fentanyl pills. I admit and agree that the fentanyl pills found in the customer's possession were the same fentanyl pills that I sold him earlier that day.

## Counts 2, 8, and 9

On or about November 11, 2024, I, Bruce Sedillo, communicated via telephone with my source of supply to purchase approximately 200,000 fentanyl pills. I admit and agree that law enforcement recorded these conversations, and that I am one of two individuals recorded, with my source of supply being the other. On that date, my source of supply directed a courier to deliver the fentanyl pills on his behalf in exchange for cash to my residence located at at 8006 Morrow Ave NE, Albuquerque NM 87110. I admit and agree that the delivery of fentanyl pills from the

courier on behalf of my source of supply occurred on November 11, 2024. On November 12, 2024, I confirmed via telephone with my source of supply that I received the fentanyl pills. I admit and agree that law enforcement recorded this conversation, and that I am one of two individuals recorded, with my source of supply being the other.

On or about November 13, 2024, law enforcement executed a court-authorized search warrant on my residence at 8006 Morrow Ave NE, Albuquerque NM 87110. During the search, law enforcement located approximately 150,000 fentanyl pills labeled "Leon" and "GSV" in a suitcase in the trunk of a vehicle parked inside the attached garage, approximately 22,0000 fentanyl pills labeled "Diablo" hidden inside a vent in my residence, as well as a money counter, approximately $72,445 cash, three AR-15 style rifles (one of which was equipped with a suppressor), a pistol with a suppressor, and documents with my name thereon. I admit and agree the firearms were of the following make and model:

a. M&P Bodyguard; Serial Number: KHY4461;
b. Silver Glock style P80 pistol with a black suppressor; no serial number ("ghost gun");
c. AR-15 style Bushmaster XM15-E25; Serial Number: BFI405723;
d. American Tactical Omni Hybrid; Serial Number: NS177268; and
e. Palmetto PA15 with suppressor; Serial Number: SCD226011;

I further admit and agree that I possessed the fentanyl pills with the intent to distribute them on behalf of my source of supply. I further admit and agree that I possessed the firearms located in my residence in furtherance of my fentanyl trafficking operation, meaning I used it to protect myself, my fentanyl supplies, and my fentanyl proceeds.

9.  By signing this agreement, the Defendant admits that there is a factual basis for each element of the crime(s) to which the Defendant is pleading guilty and agrees to affirm the facts set forth above during the plea colloquy. The Defendant agrees that the Court may rely on any of these facts, as well as facts in the presentence report, to determine the Defendant's sentence, including, but not limited to, the advisory guideline offense level.

## RECOMMENDATIONS

10. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend as follows:

   a. ***For Counts 2, 5, and 8 of the Superseding Indictment:*** At least 15 kilograms of fentanyl is attributable to the Defendant. Accordingly, the parties agree that the Defendant's base offense level for the Superseding Indictment under the sentencing guidelines is 36, pursuant to U.S.S.G. § 2D1.1(c)(2).

   b. As of the date of this agreement, the Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the Defendant's criminal conduct. Consequently, pursuant to U.S.S.G. § 3E1.1(a), so long as the Defendant continues to accept responsibility for the Defendant's criminal conduct, the Defendant is entitled to a reduction of two levels from the base offense level as calculated under the sentencing guidelines, and if applicable, a reduction of an additional offense level pursuant to U.S.S.G. § 3E1.1(b). Further, the United States is free to withdraw this recommendation if the Defendant engages in any conduct that is inconsistent with acceptance of responsibility between the date of this agreement and the sentencing hearing. Such conduct would include committing additional crimes, failing to

appear in Court as required, and/or failing to obey any conditions of release that the Court may set.

  c. The Defendant understands that the above recommendations are not binding on the Court and that whether the Court accepts these recommendations is a matter solely within the discretion of the Court after it has reviewed the presentence report. Further, the Defendant understands that the Court may choose to vary from the advisory guideline sentence. If the Court does not accept any one or more of the above recommendations and reaches an advisory guideline sentence different than expected by the Defendant, or if the Court varies from the advisory guideline range, the Defendant will not seek to withdraw the Defendant's plea of guilty. In other words, regardless of any of the parties' recommendations, the Defendant's final sentence is solely within the discretion of the Court.

11. Apart from the recommendations set forth in this plea agreement, the United States and the Defendant reserve their rights to assert any position or argument with respect to the sentence to be imposed, including, but not limited to, the applicability of particular sentencing guidelines, adjustments under the guidelines, departures or variances from the guidelines, and the application of factors in 18 U.S.C. § 3553(a).

12. Regardless of any other provision in this agreement, the United States reserves the right to provide to the United States Pretrial Services and Probation Office and to the Court any information the United States believes may be helpful to the Court, including, but not limited to, information about the recommendations contained in this agreement and any relevant conduct under U.S.S.G. § 1B1.3.

## DEFENDANT'S ADDITIONAL AGREEMENT

13. The Defendant understands the Defendant's obligation to provide the United States Pretrial Services and Probation Office with truthful, accurate, and complete information. The Defendant represents that the Defendant has complied with and will continue to comply with this obligation.

14. The Defendant agrees that any financial records and information provided by the Defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

15. The Defendant agrees that, upon the Defendant's signing of this plea agreement, the facts that the Defendant has admitted under this plea agreement as set forth above, as well as any facts to which the Defendant admits in open court at the Defendant's plea hearing, shall be admissible against the Defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the Defendant expressly waives the Defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the Defendant admits in conjunction with this plea agreement.

16. By signing this plea agreement, the Defendant waives the right to withdraw the Defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d) unless (1) the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5) or (2) the Defendant can show a fair and just reason as those terms are used in Rule 11(d)(2)(B) for requesting the withdrawal. Furthermore, the Defendant understands that if the court rejects the plea agreement, whether or not the Defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and the Defendant shall be subject to

prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

17. The Defendant will not willfully fail to appear for any court appearance in this matter, nor willfully fail to surrender as ordered for service of any sentence.

18. The Defendant agrees not to engage in conduct that would constitute a new crime. Offenses that would be excluded for sentencing purposes under U.S.S.G. § 4A1.2(c) are not within the scope of this paragraph's agreement.

19. Defendant agrees not to engage in conduct that would constitute obstructing or impeding the administration of justice under U.S.S.G. § 3C1.1.

## FORFEITURE

20. The Defendant agrees to forfeit, and hereby forfeits, whatever interest the Defendant may have in any asset derived from or used in the commission of the offense(s) in this case. The Defendant agrees to assist the United States (a) with locating and identifying any such assets and (b) to the extent possible, in obtaining possession and/or ownership of all or part of any such assets. The Defendant further agrees to provide the United States assistance to locate, identify, and obtain possession and/or ownership of any other assets about which the Defendant may have knowledge that were derived from or used in the commission of offenses committed by other persons.

21. The Defendant voluntarily and immediately agrees to forfeit to the United States all of the Defendant's right, title, and interest in the following assets and properties:

   f. **M&P Bodyguard; Serial Number: KHY4461;**

   g. **Silver Glock style P80 pistol with a black suppressor; no serial number ("ghost gun");**

11

    h.    **AR-15 style Bushmaster XM15-E25; Serial Number: BFI405723;**

    i.    **American Tactical Omni Hybrid; Serial Number: NS177268;**

    j.    **Palmetto PA15 with suppressor; Serial Number: SCD226011; and**

    k.    **Approximately $72,445.00 in United States currency.**

22.    The Defendant consents to the prompt entry of a preliminary order of forfeiture and entry of a final order of forfeiture, pursuant to Fed. R. Crim. P. 32.2, without further notice to the Defendant. The Defendant also agrees to fully assist the United States in the forfeiture of the above-described property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to execution of any documents necessary to transfer the Defendant's interest in the above-described property to the United States.

23.    The Defendant agrees to waive the right to notice of any forfeiture proceeding involving the above-described property.

24.    The Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of the above-described property. The Defendant knowingly and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of said property in any proceeding. The Defendant agrees to waive any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, and agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of said property by the United States or any State or its subdivisions.

## WAIVER OF APPEAL AND POST-CONVICTION RIGHTS

25.    The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford the right to appeal a conviction and the sentence imposed. Acknowledging that, the Defendant knowingly waives the right to appeal the Defendant's conviction(s) and sentence, as well as any order of

restitution entered by the Court. This waiver extends to any challenge to the manner in which the sentence was determined or imposed, including the district court's authority to make findings supporting the sentence.

26. The Defendant also waives the right to appeal any sentence imposed below or within the guideline range upon a revocation of supervised release in this cause number but may nonetheless appeal the determination of the revocation guideline range.

27. The Defendant also waives the right to appeal the denial of any motion filed under 18 U.S.C. § 3582(c) where such denial rests upon the court's determination that a sentence reduction is not warranted under the factors set forth in 18 U.S.C. § 3553(a).

28. In addition, the Defendant agrees to waive any collateral attack to the Defendant's conviction(s) and any sentence, pursuant to 28 U.S.C. §§ 2241, 2255, or any other extraordinary writ, except on the issue of defense counsel's ineffective assistance.

## GOVERNMENT'S ADDITIONAL AGREEMENT

29. Provided that the Defendant fulfills the Defendant's obligations as set out above, the United States agrees that:

   a. The United States will dismiss Count 1 of the Superseding Indictment against Defendant;

   b. The United States will not bring additional criminal charges against the Defendant arising out of the facts forming the basis of the present superseding indictment.

## VOLUNTARY PLEA

30. The Defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises (other than the promises set forth in this

agreement and any addenda). There have been no promises from anyone as to what sentence the Court will impose. The Defendant also represents that the Defendant is pleading guilty because the Defendant is, in fact, guilty.

## VIOLATION OF PLEA AGREEMENT

31. The Defendant agrees that if the Court finds by a preponderance of the evidence that the Defendant has violated any provision of this agreement, the United States will be released from its obligations under the agreement

32. The Defendant further agrees that in the event the Court finds that Defendant has breached this plea agreement, thus releasing the United States of its obligations under the agreement, such events do not constitute a fair and just reason under Rule 11(d)(2)(B) for withdrawing the guilty plea(s) entered pursuant to this agreement.

33. Following the Court's finding of a breach of this agreement by the Defendant, should the United States choose to pursue any charge that was either dismissed or not filed as a result of this agreement, the Defendant waives any defense to that charge or charges based on the lapse of time between the entry of this agreement and the Court's finding of a breach by the Defendant.

## SPECIAL ASSESSMENT

34. At the time of sentencing, the Defendant will tender to the United States District Court, District of New Mexico, 333 Lomas Blvd. NW, Suite 270, Albuquerque, New Mexico 87102, a money order or certified check payable to the order of the **United States District Court** in the amount of $400.00 in payment of the special penalty assessment described above.

**ENTIRETY OF AGREEMENT**

35.   This document and any addenda are a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties. This agreement is effective upon signature by the Defendant and an Assistant United States Attorney.

AGREED TO AND SIGNED this 2 day of July, 2025.

RYAN ELLISON
United States Attorney

MATTHEW J. MCGINLEY
Assistant United States Attorney
201 Third Street, Suite 900
Albuquerque, New Mexico 87102
(505) 346-7274

I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of my client's rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant sentencing guidelines provisions, and of the consequences of entering into this agreement. In addition, I have explained to my client the elements to each offense to which she/he is pleading guilty. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

PAUL LINNENBURGER
Attorney for the Defendant

BRUCE SEDILLO
Defendant