IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:25-cr-00879-JB-8 |
| | ) | |
| **ALEX ANTHONY MARTINEZ,** | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES MOTION IN LIMINE TO PERMIT
THE USE OF A DEMONSTRATIVE LINK CHART**

The United States of America hereby moves the Court in limine for an order allowing the use of a demonstrative aid, in the form of a link chart, during trial in this matter. Such chart will consist of a composite set of photographs of coconspirators and will be based on relevant, admissible, evidence. More specifically, the link chart will contain a head and shoulders photograph of each coconspirator, their name, aliases identified during the investigation, and their relative relationship to one another, all of which will be borne out and supported by admissible evidence.

There 18 named coconspirators in this case, with others unnamed. This demonstrative exhibit will assist the jurors in keeping track of the many different names and relationships that they will hear about throughout the course of this trial.

The government seeks to use the demonstrative to aid the jury during opening statement, witness testimony, and closing argument. The Government does not seek its admission into evidence.

1

Courts routinely approve the use of demonstrative aids such as this. *See, e.g., United States v. Hohn*, 606 Fed. Appx. 902, 910 (10th Cir. 2015) (unpublished) (approving use of demonstrative containing photos of codefendants because it aided witnesses and the jury in identifying various defendants); *United States v. Mercado-Gracia*, No. CR 16-1701-JCH, 2019 WL 1226730, at *12–14 (D.N.M. Mar. 15, 2019) (Herrera, J.) (approving use of demonstrative containing captions, incoming and outgoing text messages, Google maps, and photos extracted from defendant's phone); *United States v. Woody*, 336 F.R.D. 293, 363-64 (D.N.M. 2020) (Browning, J.) (approving use of transcript as demonstrative). "Absent abuse which clearly prejudices the defendant, the district court has discretion to permit the display of demonstrative exhibits during trial." *Hohn*, 606 Fed. Appx. at 910 (citing *United States v. Downen*, 496 F.2d 314, 320 (10th Cir. 1974)); *see also United States v. Tee*, 881 F.3d 1258, 1262 and 1272-73 (10th Cir. 2018) (approving use of demonstrative displaying screenshots from website with customer reviews of sexual activity at massage parlors).

Such exhibits are also contemplated by Instruction 1.41 of the Pattern Jury Instructions for the Tenth Circuit (2025 Edition):

> Certain charts and summaries have been shown to you to help explain the evidence in this case. Their only purpose is to help explain the evidence. These charts and summaries are not evidence or proof of any facts.

Tenth Cir. Crim. Jury Instr. 1.41 (2025).

Here, government witnesses will be providing names, aliases, and descriptions of the numerous coconspirators, along with observations made during surveillance operations, results of search warrants, and documents, photos, and videos pertaining to the coconspirators identified in the link chart. The government will also be tendering many audio recordings and text and audio messages sent by and between these coconspirators.

Because the summary exhibit will assist the jurors to orient to the evidence in a logical manner as it develops over multiple witnesses, it will be immensely helpful to their understanding of the evidence. *See United States v. Gardner*, 611 F.2d 770, 776 (9th Cir. 1980) (admitting summary chart under Rule 611(a) because it "contributed to the clarity of the presentation to the jury, avoided needless consumption of time and was a reasonable method of presenting the evidence").

Finally, the Government will not seek to admit the demonstrative, meaning it will not be available to the jury during deliberations, and the Court can provide a limiting instruction explaining that it is not evidence. *See Daniel v. Ben E. Keith Co.*, 97 F.3d 1329, 1335 (10th Cir. 1996) ("Summaries not offered as evidence should be used only with a limiting instruction stating that the summary itself is not evidence."). The Court can presume its jury instruction will be followed. *See United States v. Brooks*, 736 F.3d 921, 941 (10th Cir. 2013).

For all of the above reasons, the United States respectfully requests that this Court permit the use of a demonstrative aid, in the form of a link chart, during trial in this matter.

Respectfully submitted,

RYAN ELLISON
United States Attorney

BLAKE NICHOLS
Assistant U.S. Attorney
201 Third St. NW, Suite 900
Albuquerque, NM 87102

I hereby certify that a copy of this
motion was delivered via CM/ECF
to counsel for defendant.

*filed electronically* 07/16/2025
BLAKE NICHOLS

3