IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:25-cr-00879-JB-8 |
| | ) | |
| **ALEX ANTHONY MARTINEZ,** | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES' MOTION IN LIMINE TO PROHIBIT DEFENSE COUNSEL FROM MAKING AUTOBIOGRAPHICAL REFERENCES TO THE JURY**

The United States of America hereby moves the Court in limine to order that defense counsel, Carter B. Harrison IV[1] and Nicholas T. Hart be prohibited from speaking (directly or indirectly) to the venire panel or to the seated jury at any time during the above-captioned proceedings about counsels' historical narrative (i.e. schools attended, bar affiliations, memberships in legal, political, or other organizations, cases handled, personal achievements, qualifications, professional background and insight, prior associations, etc.).

In particular, defense counsel should be prohibited from mentioning past employment with this Honorable Court or with the Honorable James E. Graves, Jr. of the United States Court of Appeals for the Fifth Circuit.

Both Mr. Harrison's profile on Harrison & Hart, LLC's website and on Mr. Harrison's LinkedIn page reference his clerkship with the Hon. James O. Browning.

[1] Mr. Harrison's appointment was recently entered on Monday, July 14, 2025. Doc. 324.

1



Both Mr. Hart's profile on Harrison & Hart, LLC's website and on Mr. Hart's LinkedIn page reference his clerkship with the Hon. James E. Graves on the U.S. Court of Appeals for the Fifth Circuit.



While Defendant's lawyers are understandably proud of these prior experiences, any such autobiographical reference by trial counsel would not be relevant under Federal Rule of Evidence 401; and they would be confusing and misleading under Rule 403 by distracting the jury from its duty to evaluate the facts and evidence relevant to the charged conduct.

"Evidence which is not relevant is not admissible." Fed. R. Evid. 402. The rules define relevant evidence as that having "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Autobiographical references of trial counsel bear no relation to Defendant or the criminal conduct with which he is charged and cannot, by definition, make the existence of any fact that is of consequence in the case more or less probable. Accordingly, the above references should be excluded as irrelevant under Rules 401 and 402.

Furthermore, any autobiographical references by trial counsel, particularly with respect to prior employ with this Honorable Court, should be barred under Rule 403, which provides for the exclusion of evidence whose "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." The presentation of the personal histories of trial counsel would improperly bolster the arguments and presentation of counsel and create a sideshow designed to distract the jury from its sworn duty.

## CONCLUSION

The United States respectfully requests that this Court prohibit defense counsel from making autobiographical references to the venire panel or to the jury during the entirety of these proceedings, to include voir dire, opening statement, questions of witnesses, any spoken objections or responses thereto, and closing argument.

Respectfully submitted,

RYAN ELLISON
United States Attorney

MATTHEW J. McGINLEY
ELAINE Y. RAMIREZ
RAQUEL RUIZ-VELEZ
BLAKE NICHOLS
Assistant United States Attorneys
201 Third Street NW, Ste. 900
Albuquerque, New Mexico 87103
(505) 346-7274

I CERTIFY that a true copy of the foregoing
pleading was provided to opposing counsel
of record, via CM/ECF, on this date.

***Electronically filed July 18, 2025***
BLAKE NICHOLS
Assistant United States Attorney