SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

FILED
SECOND JUDICIAL DISTRICT

2014 NOV 13  AM 11: 23

*Gary T. Clark*

CARLA EAST

CR No. 2014-02294, DA 2014-02652-2
CR No. 2014-03476, DA 2014-03063-1
DA 2014-02659-1

STATE OF NEW MEXICO,

Plaintiff,

vs.

ALEX ANTHONY MARTINEZ,
DOB: ███████-1987
SSN: ████████████

Defendant.



**GOVERNMENT
EXHIBIT
5**

## CONSOLIDATED PLEA AND DISPOSITION AGREEMENT

The State of New Mexico and the defendant agree to this disposition of these cause

numbers:

### PLEA

**CHARGES:** The defendant agrees to plead GUILTY, to these crimes:

1. CONSPIRACY TO COMMIT THEFT OF A CREDIT CARD, a fourth degree felony

offense committed on or about the 7th day of April, 2014, in Bernalillo County, New Mexico, as

charged in Count 2 of CR 2014-02294. **CHARGE CODE 0658**

2. CONSPIRACY TO COMMIT RECEIVING STOLEN PROPERTY, a 4th degree

felony offense committed on or about the 7th day of April, 2014, in Bernalillo County, New

Mexico, as charged in Count 4 of CR 2014-02294. **CHARGE CODE 4588**

3. UNLAWFUL TAKING OF A MOTOR VEHICLE, a 4th degree felony offense

committed on or about the 4th day of September, 2013, in Bernalillo County, New Mexico, as

charged in Count 1 of CR 2014-03476. **CHARGE CODE 5140**

**ADMISSION OF IDENTITY:** The defendant admits that he was convicted of the

following crimes. The defendant also agrees that the convictions for these crimes are valid and

free from error.

1a.    The above-referenced defendant committed the offense of

AGGRAVATED BATTERY (GREAT BODILY HARM), a felony occurring on May 19, 2010, with a date of conviction of May 27, 2010, in Criminal Cause No. D-1314-CR-2010-00184 in Valencia County, New Mexico.

1b.     The above-referenced defendant committed the offense of FALSE IMPRISONMENT, a felony occurring on May 19, 2010, with a date of conviction of May 27, 2010, in Criminal Cause No. D-1314-CR-2010-00184 in Valencia County, New Mexico.

### TERMS

This agreement is made according to the following conditions:

**SENTENCING AGREEMENT:** This plea agreement is contingent upon the Defendant having one (1) useable prior felony convictions. At initial sentencing, the State agrees to the following: All charges shall run consecutively for a four and one-half (4 ½) year sentence. Defendant shall serve one year of the sentence through either incarceration or the community custody program. The remainder shall be suspended and served on three and one-half (3 ½) years of supervised probation. Restitution shall be determined by probation authorities. Any property seized in the course of the investigation of these offenses shall be forfeited to law enforcement agencies.

**PENALTIES:** The maximum penalties for these charges are:

1. CONSPIRACY TO COMMIT THEFT OF A CREDIT CARD, a 4th degree felony with a basic sentence of 18 months and a $5,000 fine, followed by 1 year of parole.

2. CONSPIRACY TO COMMIT RECEIVING STOLEN PROPERTY a 4th degree felony with a basic sentence of 18 months and a $5,000 fine, followed by 1 year of parole.

3. UNLAWFUL TAKING OF A MOTOR VEHICLE a 4th degree felony with a basic sentence of 18 months and a $5,000 fine, followed by 1 year of parole.

Any basic sentence for a felony may be altered up to one third for aggravating or mitigating circumstances.

**POTENTIAL INCARCERATION:** If the court accepts this agreement, the defendant Will be ordered to serve a one year period of incarceration.  He will also be ordered to serve a period of probation.  If the defendant later violates that probation, he may be incarcerated for the balance of the sentence plus any applicable habitual offender enhancement time.

**CHARGES TO BE DISMISSED:** The following charges will not be filed at initial sentencing: Additional habitual offender proceedings based on the convictions listed under

U.S. v. Salazar Amaya, et al     PROTECTIVE ORDER                MARTINEZ-0045

"Admission of Identity." The State will not bring additional habitual offender proceedings against the defendant except as outlined below in the sections labeled "Undisclosed Prior Convictions" and "Habitual Offender Proceedings". The State will not file charges in DA 2014-02659-1.

**RESTITUTION:** Restitution will be ordered in accordance with Section 31-17-1. The defendant, in cooperation with the probation office, will prepare a restitution plan to be incorporated into the court's sentence. The defendant agrees to make restitution on all charges arising out of these DA files even if those charges are dismissed or not filed because of this agreement. The defendant agrees not to discharge the restitution obligation in bankruptcy.

**UNDISCLOSED PRIOR CONVICTIONS:** The state may bring habitual offender proceedings, as provided by law, based on any convictions not admitted in this plea. The state may also choose to withdraw this plea agreement if it discovers any such convictions.

## HABITUAL OFFENDER PROCEEDINGS

**UPON VIOLATION:** The defendant understands that if he violates any law after he enters this plea and before he completes his sentence in this case, he will be subject to additional habitual offender proceedings based on the convictions listed under "Admission of Identity." The State also may bring additional habitual offender proceedings if the defendant violates any condition of probation or parole. The State may bring additional habitual offender proceedings if the violation is admitted or proven, even if probation or parole is not revoked or the defendant is not convicted of the new crime. The defendant agrees that the district attorney's office or the court may inspect his probation or parole records to determine whether he has violated the conditions of his probation or parole.

**PROOF:** The State will use the defendant's admission of identity to the prior felony convictions in any additional habitual offender proceedings. The defendant understands and agrees that the admission alone will be sufficient proof that he is the person convicted of those felonies.

**VALIDITY OF CONVICTIONS:** For purposes of this subsection, the prior convictions listed in the "Admission of Identity" section above are "Prior Felony Convictions." The Defendant agrees that the Defendant is the person who was convicted of the Prior Felony Convictions and that the Prior Felony Convictions were felonies. The Defendant also agrees that the Defendant's constitutional rights, including the right to counsel, were not violated at the time

the Prior Felony Convictions were obtained. The Defendant further agrees that the Prior Felony Convictions satisfy the definition of "prior felony conviction" in Section 31-18-17, NMSA 1978. The Defendant waives any collateral attack of on each of the Prior Felony Convictions. The Defendant agrees not to contest the Prior Felony Convictions if habitual offender proceedings are filed under the terms of this agreement. If the Defendant contests the Prior Felony Convictions, the state may choose to reinstate any charges dismissed or not filed as a result of this agreement. The state may also remove any agreed upon limitation on sentence.

## STIPULATIONS

**TIME LIMITS:** By entering this agreement with the State, the defendant waives his rights under the rules governing time of commencement of trial until the agreement is either accepted or rejected by the court.

**WAIVER OF DEFENSES AND APPEAL:** Unless this plea is rejected or withdrawn, the defendant gives up all motions, defenses, objections, or requests which he has made or could make concerning the Court's entry of judgment against him if that judgment is consistent with this agreement. The defendant specifically waives his right to appeal as long as the court's sentence is imposed according to the terms of this agreement.

**REJECTION OF PLEA:** If the Court finds the provisions of this agreement unacceptable, after reviewing it and any pre-sentence report, the Court will allow the withdrawal of the plea, and this agreement will be void. If the plea is withdrawn, neither the plea nor any statements arising out of the plea proceeding shall be admissible against the defendant in any criminal proceedings.

I have read and I understand this agreement. My lawyer has informed me of the specific immigration consequences I face as a result of this plea agreement, and I understand that if I am not a U.S. citizen, this plea agreement will affect my immigration or naturalization status. I have discussed the case and my constitutional rights with my lawyer. I understand that when I plead guilty I give up the following rights: my right to a trial by jury, my right to confront, cross-examine, and compel the attendance of witnesses, and my privilege against self-incrimination.

I agree that the State may void any sentencing agreement, including any cap on incarceration, OR the state may withdraw this plea agreement if I:

1) violate any laws while pending sentencing; OR

2) violate any condition of release; OR

3) fail to appear for the pre-sentence report interview as scheduled; OR

4) fail to appear for a scheduled court hearing, including but not limited to a sentencing hearing; OR

5) fail to turn myself in to begin serving any period of incarceration as court ordered.

I understand that by admitting my identity on the prior conviction or convictions, I give up my privilege against self-incrimination if habitual offender proceedings are filed in this case under this agreement. I understand that when I admit the validity of the prior convictions I give up my right to collaterally attack these convictions in any habitual offender proceedings which are filed under this agreement.

I agree to enter my plea, and I admit that I am the person previously convicted of felonies as indicated above and according to the terms and conditions set forth in this agreement. I understand that if the court grants me probation, a suspended sentence, a deferred sentence or a conditional discharge, the terms and conditions of the sentence are subject to modification if I violate any of the terms or conditions imposed.

11-10-14
**DATE**

**ALEX ANTHONY MARTINEZ**
**DEFENDANT**

I have discussed this case with my client in detail and have advised him of his constitutional rights and all possible defenses. I believe that the plea and disposition set forth herein are appropriate under the facts of this case. I agree with the plea outlined in this agreement and its terms and conditions.

11/10/14
**DATE**

**KEREN FENDERSON**
**DEFENSE COUNSEL**

I have reviewed this matter and agree that the plea and disposition are appropriate and are in the interest of justice.

11/10/14
**DATE**

**MICHAEL GRITZBAUGH**
**PROSECUTOR**

APPROVED:

BRETT LOVELESS
DISTRICT JUDGE

CERTIFIED AS A TRUE AND CORRECT COPY
OF THE ORIGINAL FILED IN MY OFFICE,
Clerk of the District Court,

By: _____  Date: 7/18/25
Deputy Clerk