FILED IN MY OFFICE
SECOND JUDICIAL DISTRICT COURT
BERNALILLO COUNTY, NM
JAMES A. NOEL
8/21/2018 11:48 AM
VALERIA ENRIQUEZ

SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

CR#: 2014-03476; 2014-02294; 2017-00964; 2018-01159
DA#:

STATE OF NEW MEXICO,

      Plaintiff,

vs.

ALEX MARTINEZ,
DOB: ████ 1987
SSN: ████████
FBI#:

      Defendant.

**GOVERNMENT
EXHIBIT
7**

## REPEAT OFFENDER PLEA AND DISPOSITION AGREEMENT

The State of New Mexico and Defendant agree to this disposition of this cause number:

**PLEA** _No Contest_

CHARGES: Defendant agrees to plead GUILTY to the following crime(s):

**1. DISARMING A PEACE OFFICER**, a 3rd degree felony offense occurring on or about March 27, 2018, as charged in Count 1 in CR 2018-01159.

**2. AGGRAVATED BATTERY UPON A PEACE OFFICER (NO GREAT BODILY HARM)**, a 4th degree felony offense occurring on or about March 27, 2018, as charged in Count 2 in CR 2018-01159.

PROBATION VIOLATION ADMISSION: The defendant admits that he violated his Supervised Probation in CR 2014-03476 and 2014-02294 with the violations listed in paragraphs 1 and 2 in the Report of Violation (Probation).

ADMISSION OF IDENTITY: Defendant admits that Defendant was convicted of the following crimes, and that they are valid and free from error. Defendant agrees that all the convictions listed in the "Admission of Identity" section of this agreement are prior felony convictions according to Section 31-18-17, NMSA 1978.

1a. The above-referenced defendant committed the offense of Aggravated Battery (Great Bodily

STATE vs. ALEX MARTINEZ
CR 2014-03476; 2014-02294; 2017-00964; 2018-01159
REPEAT OFFENDER PLEA AND DISPOSITION AGREEMENT, Page 2

Harm), a felony occurring on May 19, 2010, with a date of conviction of May 27, 2010 in Criminal Cause No. D-1314-2010-00184 in Valencia County, New Mexico.

1b. The above-referenced defendant committed the offense of False Imprisonment(Great Bodily Harm), a felony occurring on May 19, 2010, with a date of conviction of May 27, 2010 in Criminal Cause No. D-1314-2010-00184 in Valencia County, New Mexico.

## TERMS

This agreement is made according to the following conditions:

SENTENCING AGREEMENT: All counts will run consecutive to each other for any and all future purposes. The Counts will run consecutive to probation violation. The defendant final out his probation violation jurisdiction by serving 1 year in MDC. The remaining 4 years and 6 months of jurisdiction will be suspended on condition of supervised probation. Supervised probation may convert to unsupervised after 18 months of no violations. There are no other agreements to sentence. Unless otherwise specified, Defendant waives all claims to any and all items seized as part of this investigation. Any such items will be forfeited to the investigating/seizing agency absent the claims of innocent owners. **Following conviction and prior to the imposition of sentence, any sentencing agreement is expressly conditioned on the following requirements: 1) if applicable, Defendant must appear for any Pre-Sentence Report interview or 60-day diagnostic evaluation; 2) Defendant must not violate any Federal, State or Local laws; 3) Defendant has disclosed any potential prior felonies that may be used to enhance his sentence pursuant to §31-18-17; 4) Defendant must not violate any condition of release, parole or probation, and; 5) Defendant must comply with any other applicable court orders. If Defendant violates any of these conditions prior to sentencing on this matter, the State reserves the right to void the previously-negotiated sentencing agreement, and the Court may sentence Defendant to imprisonment absent the conditions of any previously-negotiated limitation.**

PENALTIES: The maximum penalties for these crimes are:

**1. DISARMING A PEACE OFFICER, a 3rd Degree Felony:** Basic Sentence of 3 years imprisonment followed by 2 year/s of parole, and not more than a $5,000 fine.

STATE vs. ALEX MARTINEZ
CR 2014-03476; 2014-02294; 2017-00964; 2018-01159
REPEAT OFFENDER PLEA AND DISPOSITION AGREEMENT, Page 3

**2. AGGRAVATED BATTERY UPON A PEACE OFFICER (NO GREAT BODILY HARM)**, a 4th Degree Felony: Basic Sentence of 18 months imprisonment followed by 1 year/s of parole, and not more than a $5,000 fine

Any basic sentence for a felony may be altered up to one third for aggravating or mitigating circumstances.

POTENTIAL INCARCERATION: If the court accepts this agreement, Defendant may be ordered to serve a period of incarceration of at initial sentencing. Defendant may also be ordered to serve a period of probation. If ordered to serve a period of probation, within twenty-four (24) hours Defendant must check into probation at the Probation and Parole office located at 111 Gold SE, Albuquerque, NM 87102. If the probation is later violated in any way, the State my seek to incarcerate Defendant for the balance of the sentence and impose habitual offender enhancements as provided for by law.

If Defendant is incarcerated on a "Serious Violent Offense" pursuant to §33-2-34, NMSA 1978, as amended, then the statutory provisions as to earned meritorious deductions shall apply.

CAP: Any "cap" or other limitation on incarceration shall be a limitation on imprisonment only at initial sentencing. **If Defendant violates any of the conditions listed in the "Sentencing Agreement" section above, the State may recommend a sentence and the Court may impose a sentence of imprisonment without considering the limitation.**

CHARGES TO BE DISMISSED: The following charges will be dismissed or will not be filed: **Counts 3 in CR 2018-01159 and CR 2017-00964.**Absent any violations such as those described in the "Sentencing Agreement" section above, the State will not bring additional habitual offender proceedings against Defendant except as outlined below in the sections labeled "Undisclosed Prior Convictions" and "Habitual Offender Proceedings."

RESTITUTION: If applicable, restitution will be ordered in accordance with §31-17-1, NMSA 1978. Defendant, in cooperation with Probation and Parole authorities, will prepare a restitution plan to be incorporated into the Court's sentence. Defendant agrees to make restitution payments on all charges arising out of these DA file numbers, even if those charges are dismissed or not filed because of this Agreement. Defendant agrees not to discharge the restitution

STATE vs. ALEX MARTINEZ
CR 2014-03476; 2014-02294; 2017-00964; 2018-01159
REPEAT OFFENDER PLEA AND DISPOSITION AGREEMENT, Page 4

obligation in bankruptcy.

UNDISCLOSED PRIOR CONVICTIONS: The State may bring additional habitual offender proceedings, as provided by law, based on any convictions not admitted in this plea. The State may also choose to withdraw this plea agreement or void any sentencing agreement if it discovers any such convictions.

**HABITUAL OFFENDER PROCEEDINGS**

UPON VIOLATION: Defendant understands that if Defendant violates any law after entering this plea and before completing the sentence in this case, Defendant will be subject to habitual offender proceedings based on the convictions listed under the section labeled "Admission of Identity." The State also may bring habitual offender proceedings if Defendant violates any condition of probation or parole. The State may bring habitual offender proceedings if the violation is admitted or proven, even if probation or parole is not revoked or Defendant is not convicted of the new crime. Defendant agrees that the District Attorney's Office or the Court may inspect Defendant's probation or parole records to determine whether the conditions of Defendant's probation or parole have been violated. Defendant agrees that Defendant has no expectation of finality regarding sentence until the successful completion of the entire sentence, including any period of parole. Accordingly, Defendant waives any limitations with respect to the initiation of habitual offender proceedings.

PROOF: The State will use Defendant's admission of identity to the prior felony convictions in any habitual offender proceedings. Defendant understands and agrees that the admission alone will be sufficient proof that Defendant is the person convicted of those felonies.

VALIDITY OF CONVICTIONS AND WAIVER: For purposes of this subsection, the prior convictions listed in the "Admission of Identity" section above are "Prior Felony Convictions." Defendant agrees that Defendant is the person who was convicted of the Prior Felony Convictions and that the Prior Felony Convictions were felonies. Defendant also agrees that Defendant's constitutional rights, including the right to counsel, were not violated at the time the Prior Felony Convictions were obtained. Defendant further agrees that the Prior Felony Convictions satisfy the definition of "prior felony conviction" in Section 31-18-17, NMSA 1978.

STATE vs. ALEX MARTINEZ
CR 2014-03476; 2014-02294; 2017-00964; 2018-01159
REPEAT OFFENDER PLEA AND DISPOSITION AGREEMENT, Page 5

Defendant waives any collateral attack of on each of the Prior Felony Convictions. Defendant agrees not to contest the Prior Felony Convictions if habitual offender proceedings are filed under the terms of this agreement. If Defendant contests the Prior Felony Convictions, the state may choose to reinstate any charges dismissed or not filed as a result of this agreement. The state may also remove any agreed upon limitation on sentence. Defendant also expressly waive any and all time limits for filing habitual offender proceedings.

## STIPULATIONS

TIME LIMITS:  By entering this agreement with the State, Defendant waives Defendant's rights under the rules governing time of commencement of trial until the agreement is either accepted or rejected by the court.

WAIVER OF DEFENSES AND APPEAL:  Unless this plea is rejected or withdrawn, Defendant gives up all motions, defenses, objections, or requests which Defendant has made or could make concerning the Court's entry of judgment against Defendant if that judgment is consistent with this agreement.  Defendant specifically waives Defendant's right to appeal as long as the court's sentence is imposed according to the terms of this agreement.

REJECTION OF PLEA:  If, after reviewing this Agreement and any related pre-sentence report, the Court finds the provisions of this agreement unacceptable, the Court may allow the withdrawal of the plea, and this agreement will be void.  If the plea is withdrawn, neither the plea nor any statements arising out of the plea proceeding shall be admissible against Defendant in any criminal proceedings.

CERTIFICATIONS AND AGREEMENT: I have read and I understand this Agreement.  I am entering this Agreement of my own free will and choice. No force, threats or unlawful influence of any kind has been made to get me to enter this Agreement. I have discussed the case and my constitutional rights with my lawyer, and I am satisfied with the advice and assistance of my attorney. Prior to entering this Agreement, my attorney and I have fully discussed all aspects of this case. My attorney has, to my complete satisfaction, answered all of my questions and fully explained the charges against me and any potential defenses to them.

I certify that I can read and understand the English language, or, if I do not read and

STATE vs. ALEX MARTINEZ
CR 2014-03476; 2014-02294; 2017-00964; 2018-01159
REPEAT OFFENDER PLEA AND DISPOSITION AGREEMENT, Page 6

understand English, that an interpreter has been provided to me. I understand that, if I am not a citizen of the United States of America, being convicted may affect my immigration or naturalization status, up to and including my deportation. If applicable, I certify that I, with the assistance of my attorney, have fully explored the possibility of such effects upon my immigration status and have chosen to enter this Agreement in full knowledge of those possible consequences, regardless of whether our investigation of the likely immigration ramifications is later revealed to be mistaken.

I understand that when I plead guilty I give up the following rights: my right to a trial by jury, my right to confront, cross-examine, and compel the attendance of witnesses both for and against me, my privilege against self-incrimination, and the right to appeal the matters relating to this Agreement.

I understand that the State may void any sentencing agreement, including any cap on incarceration, or the State may choose to withdraw this Agreement if I:

1.    **fail to appear for any Pre-Sentence Report interview, 60-day diagnostic evaluation, or other scheduled court hearing, including, but limited to, a sentencing hearing, or;**

2.    **violate any Federal, State or Local laws, or;**

3.    **violate any condition of release, parole or probation, or;**

4.    **fail to comply with any other applicable court orders, or;**

5.    **fail to turn myself in to begin serving any period of incarceration as court ordered.**

I understand that by admitting my identity on the prior conviction or convictions, I give up my privilege against self-incrimination if additional habitual offender proceedings are filed in this case under this agreement. I understand that when I admit the validity of the prior convictions I give up my right to collaterally attack these convictions in any additional habitual offender proceedings which are filed under this agreement.

I agree to enter my plea, and I admit that I am the person previously convicted of felonies as indicated above and according to the terms and conditions set forth in this agreement. I

U.S. v. Salazar Amaya, et al    PROTECTIVE ORDER    MARTINEZ-0060

STATE vs. ALEX MARTINEZ
CR 2014-03476; 2014-02294; 2017-00964; 2018-01159
REPEAT OFFENDER PLEA AND DISPOSITION AGREEMENT, Page 7

understand that if the court grants me probation, a suspended sentence, a deferred sentence or a conditional discharge, the terms and conditions of the sentence are subject to modification if I violate any of the terms or conditions imposed.

8-21-18
DATE

ALEX MARTINEZ
DEFENDANT

I certify I have discussed this case with my client in detail and have advised Defendant of Defendant's constitutional rights and all possible defenses. I certify that Defendant has read, or that I have read to Defendant, this Agreement and that Defendant understands the terms contained herein. I certify that, if applicable, Defendant and I have made sufficient efforts to determine the possible effects of this Agreement on Defendant's immigration status, and are satisfied with our investigation of those possible effects such that Defendant chooses to enter this Agreement regardless. I believe that the plea and disposition set forth herein are appropriate under the facts of this case. I agree with the plea outlined in this agreement and its terms and conditions.

8-21-18
DATE

DANIEL SALAZAR
DEFENSE COUNSEL

U.S. v. Salazar Amaya, et al     PROTECTIVE ORDER     MARTINEZ-0061

STATE vs. ALEX MARTINEZ
CR 2014-03476; 2014-02294; 2017-00964; 2018-01159
REPEAT OFFENDER PLEA AND DISPOSITION AGREEMENT, Page 8

    I have reviewed this matter and agree that the plea and disposition are appropriate and are in the interest of justice.

_____8/24/18_____
DATE

_____
NICHOLAS M. MCDONNELL
PROSECUTOR

APPROVED:

_____
MARK MACARON
DISTRICT JUDGE

CERTIFIED AS A TRUE AND CORRECT COPY
OF THE ORIGINAL FILED IN MY OFFICE,
Clerk of the District Court,

By: _____ Date: 7/18/25
Deputy Clerk