FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE. NEW MEXICO

OCT 24 2024

MITCHELL R. ELFERS
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

Plaintiff,

vs.

ALEX MARTINEZ,

Defendant.

**Cr. No. 21-0310 DHU**

GOVERNMENT
EXHIBIT

9

## PLEA AGREEMENT

1.      Pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., the parties notify the Court of the following agreement between the United States of America, by the United States Attorney for the District of New Mexico, and the Defendant, ALEX MARTINEZ, with the advice and counsel of his attorney, ANGELICA HALL. This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## REPRESENTATION BY COUNSEL

2.      The Defendant understands the Defendant's right to be represented by an attorney and is so represented. The Defendant has thoroughly reviewed all aspects of this case with the Defendant's attorney and is fully satisfied with that attorney's legal representation.

## RIGHTS OF THE DEFENDANT

3.      The Defendant further understands the Defendant's rights:

a.      to plead not guilty, or having already so pleaded, to persist in that plea;

1

U.S. v. Salazar Amaya, et al     PROTECTIVE ORDER     MARTINEZ-0027

b.  to have a trial by jury; and

c.  at a trial:

1)  to confront and cross-examine adverse witnesses,

2)  to be protected from compelled self-incrimination,

3)  to testify and present evidence on the Defendant's own behalf, and

4)  to compel the attendance of witnesses for the defense.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

4.  The Defendant agrees to waive these rights and to plead guilty to the indictment, charging a violation of 18 U.S.C. §§ 922(g)(1) and 924: Felon in Possession of a Firearm.

## SENTENCING

5.  The Defendant understands that the maximum penalty provided by law for this offense is:

a.  imprisonment for a period of not more than 10 years;

b.  a fine not to exceed the greater of $250,000, or twice the pecuniary gain to the Defendant or pecuniary loss to the victim;

c.  a term of supervised release of not more than three years to follow any term of imprisonment. (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked — even on the last day of the term — and the Defendant could then be returned to another period of incarceration and a new term of supervised release.);

2

U.S. v. Salazar Amaya, et al       PROTECTIVE ORDER       MARTINEZ-0028

      d.      a mandatory special penalty assessment of $100.00; and

      e.      restitution as may be ordered by the Court.

6.      The parties recognize that the federal sentencing guidelines are advisory and that the Court is required to consider them in determining the sentence it imposes.

7.      The parties are aware that the Court will decide whether to accept or reject this plea agreement. The Court may defer its decision as to acceptance or rejection until there has been an opportunity to consider the presentence report. Pursuant to Federal Rule of Criminal Procedure 11(c)(5), if the Court rejects this plea agreement, the Defendant shall have the right to withdraw the Defendant's plea of guilty.

8.      Regardless of any other provision in this agreement, the United States reserves the right to provide to the United States Pretrial Services and Probation Office and to the Court any information the United States believes may be helpful to the Court, including but not limited to information about the recommendations contained in this agreement and any relevant conduct under U.S.S.G. § 1B1.3.

## ELEMENTS OF THE OFFENSE

9.      If this matter proceeded to trial, the Defendant understands that the United States would be required to prove, beyond a reasonable doubt, the following elements for violations of the charges listed below:

18 U.S.C. §§ 922(g) and 924, Felon in Possession of a Firearm:

*First*:      The defendant knowingly possessed the firearm as charged;

*Second*:      At the time he possessed the firearm, the defendant had been previously convicted of a crime punishable by imprisonment for a term exceeding one year;

U.S. v. Salazar Amaya, et al      PROTECTIVE ORDER      MARTINEZ-0029

*Third:*          The defendant knew that he was previously convicted of a felony; and

*Fourth:*        Before the defendant possessed the firearm, the item had been transported in interstate commerce.

## DEFENDANT'S ADMISSION OF FACTS

10.    By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offense(s) to which I am pleading guilty. I recognize and accept responsibility for my criminal conduct. Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offense(s) to which I am pleading guilty beyond a reasonable doubt, including any facts alleged in the indictment that increase the statutory minimum or maximum penalties. I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

**On September 22, 2020, Albuquerque Police Department ("APD") Officers were dispatched to the Villa Hermosa Apartment Complex in Albuquerque, New Mexico in reference to a criminal investigation. During the investigation, officers searched the apartment where my girlfriend resided. In her apartment, officers located a Glock, model 45, 9mm caliber, semi-automatic pistol bearing serial number BNLD925. Later testing confirmed the presence of my DNA on that firearm. I had knowingly possessed the Glock 45, despite having been previously convicted of a felony offense punishable by a term of imprisonment exceeding one year. I was aware I had been previously convicted of a felony and was prohibited from**

4

U.S. v. Salazar Amaya, et al     PROTECTIVE ORDER     MARTINEZ-0030

**possessing a firearm.  I acknowledge Glock firearms are not manufactured in New**

**Mexico and therefore the Glock had been transported in interstate commerce.**

11.    By signing this agreement, the Defendant admits that there is a factual basis for each element of the crime(s) to which the Defendant is pleading guilty and agrees to affirm the facts set forth above during the plea colloquy. The Defendant agrees that the Court may rely on any of these facts, as well as facts in the presentence report, to determine the Defendant's sentence, including, but not limited to, the advisory guideline offense level.

## RECOMMENDATIONS

12.    The United States and the Defendant recommend as follows:

a.    The Defendant and the United States have made an AGREEMENT pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), that a sentence of not more than 60 months' imprisonment is the appropriate disposition in this case. This agreement takes into account the Defendant's acceptance of responsibility.

b.    The remaining components of the Defendant's sentence, including but not limited to any fine or restitution and the length and conditions of supervised release, shall be imposed by the Court after the presentation of evidence and/or argument by the parties.

c.    If the Court accepts the plea agreement, it must inform the Defendant that the agreed upon disposition will be included in the judgment, and the Court is bound by the terms of the plea agreement once the Court accepts the plea agreement.

U.S. v. Salazar Amaya, et al        PROTECTIVE ORDER                    MARTINEZ-0031

## DEFENDANT'S ADDITIONAL AGREEMENT

13.     The Defendant understands the Defendant's obligation to provide the United States Pretrial Services and Probation Office with truthful, accurate, and complete information. The Defendant represents that the Defendant has complied with and will continue to comply with this obligation.

14.     The Defendant agrees that any financial records and information provided by the Defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

15.     Except under circumstances where the Court, acting on its own, rejects this plea agreement (or functionally rejects it, as described below under the heading Violation or Rejection of Plea Agreement), the Defendant agrees that, upon the Defendant's signing of this plea agreement, the facts that the Defendant has admitted under this plea agreement as set forth above, as well as any facts to which the Defendant admits in open court at the Defendant's plea hearing, shall be admissible against the Defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the Defendant expressly waives the Defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the Defendant admits in conjunction with this plea agreement. The Court has not acted on its own if its rejection of the plea agreement occurs after the Defendant has expressly or implicitly suggested to the Court a desire or willingness to withdraw his or her plea or not to be bound by the terms of this plea agreement.

16.     By signing this plea agreement, the Defendant waives the right to withdraw the Defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d) unless (1) the

U.S. v. Salazar Amaya, et al     PROTECTIVE ORDER                    MARTINEZ-0032

court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5) or (2) the Defendant can show a fair and just reason as those terms are used in Rule 11(d)(2)(B) for requesting the withdrawal.

17.     The Defendant will not willfully fail to appear for any court appearance in this matter, nor willfully fail to surrender as ordered for service of any sentence.

18.     The Defendant agrees not to engage in conduct that would constitute a new crime. Offenses that would be excluded for sentencing purposes under U.S.S.G. § 4A1.2(c) are not within the scope of this paragraph's agreement.

19.     Defendant agrees not to engage in conduct that would constitute obstructing or impeding the administration of justice under U.S.S.G. § 3C1.1.

## FORFEITURE

20.     The Defendant agrees to forfeit, and hereby forfeits, whatever interest the Defendant may have in any asset derived from or used in the commission of the offense(s) in this case.

21.     The Defendant voluntarily and immediately agrees to the administrative, civil, or criminal forfeiture to the United States all of the Defendant's right, title, and interest in the following assets and properties:

     a.     a Glock, model 45, 9mm caliber, semi-automatic pistol, serial number BNLD925.

22.     The Defendant agrees to fully assist the United States in the forfeiture of the above-described property and to take whatever steps are necessary to pass clear title to the

U.S. v. Salazar Amaya, et al     PROTECTIVE ORDER                    MARTINEZ-0033

United States, including but not limited to execution of any documents necessary to transfer the Defendant's interest in the above-described property to the United States.

23.    The Defendant agrees to waive the right to notice of any forfeiture proceeding involving the above-described property.

24.    The Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of the above-described property. The Defendant knowingly and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of said property in any proceeding. The Defendant agrees to waive any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, and agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of said property by the United States or any State or its subdivisions.

## WAIVER OF APPEAL RIGHTS AND POST-CONVICTION RIGHTS

25.    The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford the right to appeal a conviction and the sentence imposed. Acknowledging that, the Defendant knowingly waives the right to appeal the Defendant's conviction(s) and any sentence imposed in conformity with this Fed. R. Crim. P. 11(c)(1)(C) plea agreement, as well as any order of restitution entered by the Court. This waiver extends to any challenge to the manner in which the sentence was determined or imposed, including the district court's authority to make findings supporting the sentence.

26.    The Defendant also waives the right to appeal any sentence imposed below or within the guideline range upon a revocation of supervised release in this cause number but may nonetheless appeal the determination of the revocation guideline range.

8

27.    The Defendant also waives the right to appeal the denial of any motion filed under 18 U.S.C. § 3582(c) where such denial rests upon the court's determination that a sentence reduction is not warranted under the factors set forth in 18 U.S.C. § 3553(a).

28.    In addition, the Defendant agrees to waive any collateral attack to the Defendant's conviction(s) and any sentence pursuant to 28 U.S.C. §§ 2241, 2255, or any other extraordinary writ, except on the issue of defense counsel's ineffective assistance.

## GOVERNMENT'S ADDITIONAL AGREEMENT

29.    Provided that the Defendant fulfills the Defendant's obligations as set out above, the United States agrees that:

a.    The United States will not bring additional criminal charges against the Defendant arising out of the facts forming the basis of the present indictment.

## VOLUNTARY PLEA

30.    The Defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises (other than the promises set forth in this agreement and any addenda). The Defendant also represents that the Defendant is pleading guilty because the Defendant is in fact guilty.

## VIOLATION OR REJECTION OF PLEA AGREEMENT

31.    The Defendant agrees that if the Court finds by a preponderance of the evidence that the Defendant has violated any provision of this agreement, the United States will be released from its obligations under the agreement. In such a case, or where the Court has rejected the plea agreement or has functionally rejected it by failing to accept the agreement within six

U.S. v. Salazar Amaya, et al       PROTECTIVE ORDER                MARTINEZ-0035

months of its entry (except where the United States, in its sole discretion, agrees to an extension of that time) the United States is released from its obligations under the plea agreement and the Defendant will thereafter be subject to prosecution for any criminal violation, including but not limited to any crime(s) or offense(s) contained in or related to the charges in this case, as well as perjury, false statement, obstruction of justice, and any other crime committed by the Defendant during this prosecution.

32.    The Defendant further agrees that in the event the Court finds that Defendant has breached this plea agreement, thus releasing the United States of its obligations under the agreement, such events do not constitute a fair and just reason under Rule 11(d)(2)(B) for withdrawing the guilty plea(s) entered pursuant to this agreement.

33.    Following the Court's finding of a breach of this agreement by the Defendant, or rejection or functional rejection of the agreement by the Court, should the United States choose to pursue any charge that was either dismissed or not filed as a result of this agreement, the Defendant waives any defense to that charge or charges based on the lapse of time between the entry of this agreement and such event.

## SPECIAL ASSESSMENT

34.    At the time of sentencing, the Defendant will tender to the United States District Court, District of New Mexico, 333 Lomas Blvd. NW, Suite 270, Albuquerque, New Mexico 87102, a money order or certified check payable to the order of the **United States District Court** in the amount of $ 100 in payment of the special penalty assessment described above.

10

U.S. v. Salazar Amaya, et al    PROTECTIVE ORDER    MARTINEZ-0036

## ENTIRETY OF AGREEMENT

35.    This document and any addenda are a complete statement of the agreement in this

case and may not be altered unless done so in writing and signed by all parties. This agreement is

effective upon signature by the Defendant and an Assistant United States Attorney.

AGREED TO AND SIGNED this 24ᵗʰ day of October , 2024.

ALEXANDER M.M. UBALLEZ
United States Attorney

JON K. STANFORD
Assistant United States Attorney
Albuquerque, New Mexico  87102
(505) 346-7274

I have carefully discussed every part of this agreement with my client.  Further, I have
fully advised my client of my client's rights, of possible defenses, of the sentencing factors set
forth in 18 U.S.C. § 3553(a), of the relevant sentencing guidelines provisions, and of the
consequences of entering into this agreement. In addition, I have explained to my client the
elements to each offense to which she/he is pleading guilty. To my knowledge, my client's
decision to enter into this agreement is an informed and voluntary one.

ANGELICA HALL
Attorney for the Defendant

11

U.S. v. Salazar Amaya, et al     PROTECTIVE ORDER             MARTINEZ-0037

I have carefully discussed every part of this agreement with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant sentencing guidelines provisions, and of the consequences of entering into this agreement.

ALEX MARTINEZ
Defendant

12

CERTIFIED a True Copy of the original filed in the office of the Clerk

by _____ Deputy

U.S. v. Salazar Amaya, et al    PROTECTIVE ORDER    MARTINEZ-0038