FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JUN 0 9 2026

ERIK PALTROW
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

Plaintiff,

vs.

**Cr. No. 1:25-CR-00879-JB-10**

**NICHOLAS TANNER,**

Defendant.

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., the parties notify the Court of the following agreement between the United States of America and Defendant, Nicholas Tanner, with the advice and counsel of his attorneys, Murdoch Walker II and Samuel Lenard Joseph of Lowther Walker LLC. This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## REPRESENTATION BY COUNSEL

1. Defendant understands Defendant's right to be represented by an attorney and is so represented. Defendant has thoroughly reviewed all aspects of this case with Defendant's attorneys and is fully satisfied with his attorneys' legal representation.

## RIGHTS OF THE DEFENDANT

2. Defendant further understands Defendant's rights:

a. to be prosecuted by indictment;

b. to plead not guilty, or having already so pleaded, to persist in that plea;

c. to have a trial by jury; and

d. at a trial:

1) to confront and cross-examine adverse witnesses,

2) to be protected from compelled self-incrimination,

3) to testify and present evidence on Defendant's own behalf, and

4) to compel the attendance of witnesses for the defense.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3. Defendant agrees to waive these rights and to plead guilty to Counts 1 and 2 of the Information, charging violations of 21 U.S.C. § 846, that being Conspiracy, as well as 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vi), that being Distribution of 40 Grams and More of Fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide), and 18 U.S.C. § 2, that being Aiding and Abetting.

## SENTENCING

4. Defendant understands that the minimum and maximum penalty provided by law for these offenses is:

a. imprisonment for a period of not less than five years and not more than 40 years;

b. a fine not to exceed the greater of $5,000,000 or twice the pecuniary gain to Defendant or pecuniary loss to the victim;

c. a term of supervised release of not less than four years and not more than life to follow any term of imprisonment. (If Defendant serves a term of imprisonment, is then released on supervised release, and violates the

conditions of supervised release, Defendant's supervised release could be revoked — even on the last day of the term — and Defendant could then be returned to another period of incarceration and a new term of supervised release.);

d. a mandatory special penalty assessment of $100.00; and

e. restitution as may be ordered by the Court.

5. The parties recognize that the federal sentencing guidelines are advisory and that the Court is required to consider them in determining the sentence it imposes.

6. The parties are aware that the Court will decide whether to accept or reject this plea agreement. The Court may defer its decision as to acceptance or rejection until there has been an opportunity to consider the presentence report. Pursuant to Federal Rule of Criminal Procedure 11(c)(5), if the Court rejects this plea agreement, Defendant shall have the right to withdraw Defendant's plea of guilty.

7. Regardless of any other provision in this agreement, the United States reserves the right to provide to the United States Pretrial Services and Probation Office and to the Court any information the United States believes may be helpful to the Court, including but not limited to information about the recommendations contained in this agreement and any relevant conduct under U.S.S.G. § 1B1.3.

## ELEMENTS OF THE OFFENSE

8. If this matter proceeded to trial, Defendant understands that the United States would be required to prove, beyond a reasonable doubt, the following elements for violations of the charges listed below:

Count 1: 21 U.S.C. § 846, that being Conspiracy:

*First*: two or more persons agreed to violate the federal drug laws;

*Second*: Defendant knew the essential objective of the conspiracy;

*Third*: Defendant knowingly and voluntarily involved himself in the conspiracy;

*Fourth*: there was interdependence among the members of the conspiracy; and

*Fifth*: the overall scope of the conspiracy involved at least 40 grams of Fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide).

Count 2: 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vi), that being Distribution of 40 Grams and More of Fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide):

*First*: Defendant knowingly or intentionally distributed a controlled substance as charged;

*Second*: the substance was in fact fentanyl;

*Third*: the amount of the controlled substance distributed by Defendant was at least 40 grams.

## DEFENDANT'S ADMISSION OF FACTS

9. By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offenses to which I am pleading guilty. I recognize and accept responsibility for my criminal conduct. Moreover, in pleading guilty, I acknowledge that if

I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offenses to which I am pleading guilty beyond a reasonable doubt, including any facts alleged in the information that increase the statutory minimum or maximum penalties. I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

a. **On or about January 28, 2025, I sold approximately 102 fentanyl[1] pills to an individual who I now know was an undercover narcotics agent ("UC").**

b. **I agree that the New Mexico Department of Public Safety Forensic Laboratory ("the Laboratory") tested those fentanyl pills and accurately confirmed that their total net weight was 10.98 grams of fentanyl.**

c. **On or about February 6, 2025, I sold approximately 292 fentanyl pills to an individual who I now know was a UC.**

d. **I agree that the Laboratory tested those fentanyl pills and accurately confirmed that their total net weight was 31.97 grams of fentanyl.**

e. **On or about February 28, 2025, I sold approximately 1,052 fentanyl pills to an individual who I now know was a UC.**

f. **I agree that the Laboratory tested those fentanyl pills and accurately confirmed that their total net weight was 108.41 grams of fentanyl.**

[1] I understand and agree that the full chemical name for Fentanyl is (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide)

2025 

g. **On or about March 26, ~~20925;~~ I sold approximately 2,919 fentanyl pills to an individual who I now know was a UC.**

h. **I agree that the Laboratory tested those fentanyl pills and accurately confirmed that their total net weight was 315.38 grams of fentanyl.**

i. **On or about April 10, 2025, I sold approximately 4,000 fentanyl pills to an individual who I now know was a UC.**

j. **I agree that the Laboratory tested those fentanyl pills and accurately confirmed that their total net weight was 426.32 grams of fentanyl.**

k. **For each of these deals, I knew that what I was selling was fentanyl and I knowingly and intentionally sold it.**

l. **Each time I sold fentanyl, my goal was to make money, and I worked with others to do that.**

m. **I sourced the fentanyl from others above me and sold it to my customers for more than I had paid for it. I depended on my source for the fentanyl and I, in turn, sold that fentanyl to others so that I would make a profit and have the money I needed to pay my source. I knowingly and voluntarily involved myself in this arrangement.**

n. **All of the above happened within the State and District of New Mexico.**

10. By signing this agreement, Defendant admits that there is a factual basis for each element of the crimes to which Defendant is pleading guilty and agrees to affirm the facts set forth above during the plea colloquy. Defendant agrees that the Court may rely on any of these facts, as

well as facts in the presentence report, to determine Defendant's sentence, including, but not limited to, the advisory guideline offense level.

**RECOMMENDATIONS**

11. The United States and Defendant recommend as follows:

a. Defendant and the United States have made an AGREEMENT pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), that Defendant shall receive a specific sentence within the range of 60 to 100 months' imprisonment. Both parties reserve their rights to argue for any sentence within these terms. This agreement takes into account Defendant's acceptance of responsibility, with no further reduction to occur. Both parties reserve their rights to argue for any sentence within these terms. The parties agree that Defendant is entitled to a reduction of up to three levels for acceptance of responsibility under U.S.S.G. § 3E1.1. Defendant further recognizes that while Defendant's attorney may have made a prediction or estimate of the guideline range, Defendant understands that the Court is not bound by any such estimate or prediction.

b. The remaining components of Defendant's sentence, including but not limited to any fine or restitution and the length and conditions of supervised release, shall be imposed by the Court after the presentation of evidence and/or argument by the parties.

c. If the Court accepts the plea agreement, it must inform Defendant that the agreed upon disposition will be included in the judgment, and the Court is

bound by the terms of the plea agreement once the Court accepts the plea agreement.

**DEFENDANT'S ADDITIONAL AGREEMENT**

12. Defendant understands Defendant's obligation to provide the United States Pretrial Services and Probation Office with truthful, accurate, and complete information. Defendant represents that Defendant has complied with and will continue to comply with this obligation.

13. Defendant agrees that any financial records and information provided by Defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

14. Except under circumstances where the Court, acting on its own, rejects this plea agreement (or functionally rejects it, as described below under the heading Violation or Rejection of Plea Agreement), Defendant agrees that, upon Defendant's signing of this plea agreement, the facts that Defendant has admitted under this plea agreement as set forth above, as well as any facts to which Defendant admits in open court at Defendant's plea hearing, shall be admissible against Defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and Defendant expressly waives Defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts Defendant admits in conjunction with this plea agreement. The Court has not acted on its own if its rejection of the plea agreement occurs after Defendant has expressly or implicitly suggested to the Court a desire or willingness to withdraw his or her plea or not to be bound by the terms of this plea agreement.

15. By signing this plea agreement, Defendant waives the right to withdraw Defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d) unless (1) the

court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5) or (2) Defendant can show a fair and just reason as those terms are used in Rule 11(d)(2)(B) for requesting the withdrawal.

16. Defendant recognizes that this plea agreement has already conferred a benefit on Defendant. Consequently, in return for the benefit conferred on Defendant by entering into this agreement, Defendant agrees not to seek any sentence other than a sentence in the range of 60 to 100 months as agreed to by the parties pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.

17. Defendant agrees that Defendant is the same person who was previously convicted of the following offenses, each of which was at the time of conviction punishable by imprisonment for a term exceeding one year:

a. ***State of New Mexico vs. Nicholas Tanner,*** **D-202-CR-2008-06249, on or about September 18, 2008, in the Second Judicial District Court, Bernalillo County, New Mexico, Count 1: Attempted Trafficking Controlled Substance;**

b. ***State of New Mexico vs. Nicholas Tanner*****, D-1329-CR-2013-00551, on or about November 29, 2013, in the Thirteenth Judicial District Court, Sandoval County, New Mexico, Count 1: Fraudulent Receipt of a Credit Card;**

c. ***State of New Mexico vs. Nicholas Tanner,*** **D-202-CR-2016-04029, on or about June 1, 2016, in the Second Judicial District Court, Bernalillo**

**County, New Mexico, Count 1: Shoplifting (Over $500 But Not More Than $2,500);**

d. ***State of New Mexico vs. Nicholas Tanner,*** **D-202-CR-2016-04035, on or about November 18, 2016, in the Second Judicial District Court, Bernalillo County, New Mexico, Count 1: Aggravated Assault (Deadly Weapon) and Count 2: Shoplifting ($250 or Less); and**

e. ***State of New Mexico vs. Nicholas Tanner,*** **D-202-CR-2017-02437, on or about April 6, 2017, in the Second Judicial District Court, Bernalillo County, New Mexico, Count 1: Larceny (Over $500 But Not More Than $2,500).**

f. Defendant further agrees that the convictions listed above are valid and free from fundamental error, and that Defendant's constitutional rights, including the right to counsel, were not violated when the convictions were obtained.

18. Defendant will not willfully fail to appear for any court appearance in this matter, nor willfully fail to surrender as ordered for service of any sentence.

19. Defendant agrees not to engage in conduct that would constitute a new crime. Offenses that would be excluded for sentencing purposes under U.S.S.G. § 4A1.2(c) are not within the scope of this paragraph's agreement.

20. Defendant agrees not to engage in conduct that would constitute obstructing or impeding the administration of justice under U.S.S.G. § 3C1.1.

## WAIVER OF APPEAL RIGHTS AND POST-CONVICTION RIGHTS

21. Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford the right to appeal a conviction and the sentence imposed. Acknowledging that, Defendant knowingly waives the right to appeal Defendant's convictions and any sentence imposed in conformity with this Fed. R. Crim. P. 11(c)(1)(C) plea agreement, as well as any order of restitution entered by the Court. This waiver extends to any challenge to the manner in which the sentence was determined or imposed, including the district court's authority to make findings supporting the sentence.

22. Defendant also waives the right to appeal any sentence imposed below or within the guideline range upon a revocation of supervised release in this cause number but may nonetheless appeal the determination of the revocation guideline range.

23. Defendant also waives the right to appeal the denial of any motion filed under 18 U.S.C. § 3582(c) where such denial rests upon the court's determination that a sentence reduction is not warranted under the factors set forth in 18 U.S.C. § 3553(a).

24. In addition, Defendant agrees to waive any collateral attack to Defendant's convictions and any sentence pursuant to 28 U.S.C. §§ 2241, 2255, or any other extraordinary writ, except on the issue of defense counsel's ineffective assistance.

25. Defendant waives any challenge related to the initiation or continuation of his case by the United States Attorney's Office or Assistant United States Attorneys in the absence of a United States Attorney appointed by the President and confirmed by the Senate.

## GOVERNMENT'S ADDITIONAL AGREEMENT

26. Provided that Defendant fulfills Defendant's obligations as set out above, the United States agrees that:

a. Following sentencing, the United States will move to dismiss Count 2 and Count 10 of the Second Superseding Indictment as to Defendant only.

b. The United States will not bring additional criminal charges against Defendant arising out of the facts forming the basis of the present Information.

## VOLUNTARY PLEA

27. Defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises (other than the promises set forth in this agreement and any addenda). Defendant also represents that Defendant is pleading guilty because Defendant is in fact guilty.

## VIOLATION OR REJECTION OF PLEA AGREEMENT

28. Defendant agrees that if the Court finds by a preponderance of the evidence that Defendant has violated any provision of this agreement, the United States will be released from its obligations under the agreement. In such a case, or where the Court has rejected the plea agreement or has functionally rejected it by failing to accept the agreement within six months of its entry (except where the United States, in its sole discretion, agrees to an extension of that time) the United States is released from its obligations under the plea agreement and Defendant will thereafter be subject to prosecution for any criminal violation, including but not limited to any crimes or offenses contained in or related to the charges in this case, as well as perjury, false statement, obstruction of justice, and any other crime committed by Defendant during this prosecution. If Defendant has pleaded guilty to any lesser-included offenses, Defendant's violation of this plea agreement will result in reinstatement of the greater offenses. Defendant waives any

claim that Defendant's guilty plea under the rejected agreement bars prosecution of any additional offenses on double-jeopardy grounds.

29. Defendant further agrees that in the event the Court finds that Defendant has breached this plea agreement, thus releasing the United States of its obligations under the agreement, such events do not constitute a fair and just reason under Rule 11(d)(2)(B) for withdrawing the guilty pleas entered pursuant to this agreement.

30. Following the Court's finding of a breach of this agreement by Defendant, or rejection or functional rejection of the agreement by the Court, should the United States choose to pursue any charge that was either dismissed or not filed as a result of this agreement, Defendant waives any defense to that charge or charges based on the lapse of time between the entry of this agreement and such event.

## SPECIAL ASSESSMENT

31. At the time of sentencing, Defendant will tender to the United States District Court, District of New Mexico, 333 Lomas Blvd. NW, Suite 270, Albuquerque, New Mexico 87102, a money order or certified check payable to the order of the United States District Court in the amount of $200.00 in payment of the special penalty assessment described above.

## ENTIRETY OF AGREEMENT

32. This document and any addenda are a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties. This agreement is effective upon signature by Defendant and an Assistant United States Attorney.

AGREED TO AND SIGNED this 9th day of June, 2026.

TODD BLANCHE
Acting Attorney General

RYAN ELLISON
First Assistant United States Attorney

ELAINE Y. RAMÍREZ
RAQUEL RUIZ-VELEZ
DAVID HIRSCH
BLAKE NICHOLS
Assistant United States Attorneys
201 Third Street, Suite 900
Albuquerque, New Mexico 87102
(505) 346-7274

I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of my client's rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant sentencing guidelines provisions, and of the consequences of entering into this agreement. In addition, I have explained to my client the elements to each offense to which she/he is pleading guilty. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

MURDOCH WALKER II
SAMUEL LENARD JOSEPH
LOWTHER | WALKER LLC
Attorneys for Defendant

I have carefully discussed every part of this agreement with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant sentencing guidelines provisions, and of the consequences of entering into this agreement.

NICHOLAS TANNER
Defendant