**IN THE DISTRICT COURT OF THE UNITED STATES**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

Plaintiff,

v.

HERIBERTO SALZAR-AMAYA

Defendant.

Case No. 25 cr 00879- JB

**AMENDED STIPULATED AND JOINT MOTION TO CONTINUE TRIAL AND EXTEND ACCOMPANYING DEADLINES BY HERIBERTO SALAZAR-AMAYA, VINCENT MONTOYA, DAVID ALTAMIRANO-LOPEZ AND GEORGE NAVARETTE-RAMIREZ**

COMES NOW, Defendant Vincent Montoya, by his counsel, Susan Burgess-Farrell of Burgess, and Porter LLC, and respectfully requests that this Court enter an order continuing the trial setting of August 24, 2026, and adopt the amended scheduling order to be presented to the Court.

In support of this Motion, Counsel states as follows:

1. This matter involves charges against alleged activities of a Drug Trafficking Organization (DTO). Sixteen individuals are charged in this indictment. The above four referenced individuals have not resolved their matters pre-trial or not had a trial and are scheduled to go to trial August 24, 2026.

2. This matter was designated as complex case (doc. 519) with an original scheduling order issued September 26, 2025 (doc. 534). The original scheduling order was

amended December 16, 2025 (doc. 608).

3. The parties have reviewed a revised scheduling order prepared by the government and all defense counsel have agreed to the revised schedule.

4. Defense counsel continue to collaborate with their clients in preparation for trial but need additional time to be fully prepared for trial.

5. Defendants respectfully requests a continuance to complete several tasks that are vital to the defense. Defense counsel cannot and will not be ready for trial by the current trial setting and asks the court to adopt the scheduling dates laid out in the amended scheduling order shortly to be presented to the court.

6. This continuance is necessary to complete the following tasks:

a. To prepare and file any *James* Motions and Motions to Sever.

b. To continue plea negotiations with the government. It is believed that a negotiated resolution of this matter may be possible, and that additional time is necessary to pursue such negotiations.

c. Should plea negotiations not yield a resolution, defense counsel requires additional time to a) interview any additional witnesses; b) to obtain expert witnesses for trial; and c) to prepare for trial.

7. Defense counsel believes that length of time to be the minimum needed to obtain outstanding discovery, to conduct any follow-up investigation, to continue plea negotiations with the government, to accommodate scheduling conflicts and to ensure that Defendants receives effective assistance of counsel and are accorded due process.

8. The right to the effective assistance of counsel includes adequate time to

prepare for trial. Without that adequate time to prepare for trial, Defendants will be denied their right to the effective assistance of counsel. As the Eleventh Circuit has recognized,

> Implicit in this right to counsel is the notion of adequate time for counsel to prepare the defense: "Disposition of a request for continuance . . . is made in the discretion of the trial judge, the exercise of which will ordinarily not be reviewed. But the denial of opportunity for appointed counsel to consult with the accused and to prepare his defense, could convert the appointment of counsel into a sham and nothing more than a formal compliance with the Constitution's requirement that an accused be given the assistance of counsel. The Constitution's guarantee of assistance of counsel cannot be satisfied by mere formal appointment."

*United States v. Verderame*, 51 F.3d 249, 252 (11th Cir. 1995) (quoting *Avery v. Alabama*, 308 U.S. 444, 446, 60 Sects. 321, 322 (1940).

9. Defendants agrees with this continuance and will not be prejudiced by this continuance. Additional time will not prejudice Defendants and will potentially allow them to reach a favorable resolution with the government.

10. Defense counsel have participated in ongoing plea negotiations; however, additional time will be

required to determine whether the defendant may enter into a plea agreement or choose to exercise his right to a jury trial. Defense counsel needs additional time to complete a thorough investigation into this matter.

11. Undersigned counsel affirmatively states that under the Speedy Trial Act, 18 U.S.C.§ 3161(h)(7), the ends of justice will be served by granting this extension of time in which to file motions and a continuance of the trial. *See United States v. Hernandez-Mejia*, 406 Fed. App'x. 330, 338 (10th Cir. 2011) ("The Speedy Trial Act was intended not only to protect the interests of defendants, but was also 'designed with the public interest firmly in mind.'") (quoting *United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009)). Additional time will allow the defense time to consult with, and obtain, necessary expert witnesses, conduct a

thorough review of all the discovery in this matter and to interview any witnesses that may be necessary. Additionally, a continuance of the deadlines and jury trial in this matter will provide the parties time to discuss a possible negotiated resolution of this matter. Such a negotiated resolution would conserve judicial and prosecutorial resources and could also materially benefit the defendants by providing access to a more favorable resolution of this matter. This motion is not

predicated upon the congestion of the Court's docket.

12. Defense counsel has communicated with AUSA Blake Nichols, and the government does not oppose the requested continuance as long as this matter is reset to November 2026 as will be laid out in the amended scheduling order that the government will present to the Court for approval.

13. Counsel have discussed with their client his right to have a speedy trial under 18 U.S.C. 3161. Defendants agrees to waive his right to a speedy trial under 18 U.S.C. 3161 and requests that the Court continue the trial in this matter. A failure to grant a continuance at this juncture would be contrary to the interests of justice. *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009).

14. Heriberto Salazar-Amaya's defense counsel Michael Severo agrees with this motion. David Altamirnao Lopez's defense counsel Cori Harbour agrees with this motion. George Navarette-Ramirez's defense counsel Mary Stillinger agrees with this motion. Susan Burgess-Farrell has communicated with all of the defense counsel referenced in this paragraph and all approve of and are requesting this continuance.

WHEREFORE the defendant, respectfully requests that the Court enter an order granting a continuance of the trial setting in this cause from its present setting of August 24, 2026, and vacating the other deadlines associated with the present trial setting and extending the deadlines

in accordance with the new trial date.

Respectfully Submitted,

BURGESS & PORTER LLC

By: ***/s/ Susan Burgess-Farrell***
Susan Burgess-Farrell
Burgess & Porter Law
400 Gold Avenue, SW, Suite 910
Albuquerque, New Mexico 87102
(505) 433-5545
*Attorney for Defendant Vincent Montoya*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 15, 2026, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Blake Nichole
Assistant U.S. Attorney
U.S. Attorney's Office
District of New Mexico
P.O. Box 607
Albuquerque, New Mexico 87103

*/s/ Susan Burgess-Farrell*
BURGESS AND PORTER LLC