**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

       Plaintiff,

                                      Case No. 25 CR 879 JB

vs.

BRUCE SEDILLO,

       Defendant.

## <u>UNOPPOSED MOTION TO CONTINUE SENTENCING</u>

Defendant Bruce Sedillo, by and through his counsel, Paul Linnenburger of Lane + Linnenburger + Lane LLP, hereby moves this Honorable Court to vacate and continue his sentencing set for August 20, 2026, to provide the parties adequate time to provide a full presentation of information material to sentencing factors. As grounds in support thereof, Mr. Sedillo states as follows:

1.      On June 25, 2025, a Superseding Indictment was filed charging Sedillo and numerous other individuals with various violations related to allegations of drug trafficking activity. (Doc. 225).

2.      On September 4, 2025, this Court formally entered an order declaring this matter complex. (Doc. 519). The request for complex case designation preceded Sedillo's guilty plea and was joined by Sedillo. (Doc. 207).

3.      Sedillo entered a plea of guilty to four counts, including conspiracy, distribution of fentanyl, and possession of a firearm in connection with a drug offense. (Doc. 285). Pursuant to the plea agreement, Sedillo faces the possibility of a lengthy prison sentence, including a statutory minimum of fifteen years.

4.      This matter is set for sentencing on August 20, 2026.

5. This case involves tens of thousands of pages of discovery, information from dozens of phones (including Sedillo's seized phone), numerous wiretaps, and lengthy surveillance. Discovery as to the overall case involving all codefendants has been continuing. Although Sedillo quickly accepted responsibility and agreed to enter a plea of guilty, counsel still must sort through the discovery provided to appropriately and meaningfully prepare for sentencing. This is obviously a lengthy process which is further hampered as there is a protective order in this case, hindering Sedillo's ability to meaningfully review and digest the same in as expeditious a manner as may be possible absent such an order.

6. Sentencing in this matter will necessarily include consideration of highly personal matters not appropriate for public consumption, including matters that may require expert evaluation and guidance for the Court and counsel is diligently working to locate providers.

7. Creating further issues are the inherent difficulties related to the previous long-term lapse in funding for Criminal Justice Act counsel which lasted approximately five months. The lack of funding drastically hindered counsel's ability to procure appropriate mitigation vendors, including counsel's anticipated need for an evaluation due to unique circumstances of Sedillo relevant to statutory sentencing factors that must be fully explored by counsel if he is to provide constitutionally effective assistance at this crucial stage of the proceedings.

8. In this matter such efforts are crucial for full consideration of sentencing issues and a complete presentence report. Conducting such mitigation evaluations historically leads to the inclusion of significant information within the presentence report that may otherwise be missing. In those circumstances, the parties are often required to expend otherwise unnecessary resources, time, and pleadings providing the full background for the court that otherwise could be presented within the presentence report.

9. The right to the assistance of counsel extends to sentencing. *Lafler v. Cooper*, 556 U.S. 156, 165 (2012). Due to the aforementioned circumstances, a full presentation of all sentencing factors will be hindered by the current setting. As a result, counsel submits that Sedillo would be denied constitutionally effective assistance of counsel at sentencing absent a continuance of the current setting.

10. Sentencing in this case is extremely important and counsel anticipates presentation and consideration of the sentencing factors to be detailed, including significant mitigatory factors that are atypical in counsel's twenty years of experience in federal defense.

11. Counsel submits a continuance is necessary to fully complete all sentencing preparations and for the parties to provide the Court with complete and meaningful sentencing presentations in this complex matter.

12. Counsel understands and acknowledges the need to conduct sentencing proceedings as soon as reasonably practicable. Counsel submits this request for continuance is reasonable and necessary to ensure constitutionally appropriate representation of Sedillo based on the unique circumstances presented here.

13. The Government has indicated no objection to the relief requested herein.

WHEREFORE, Defendant Bruce Sedillo respectfully requests this Court continue the sentencing hearing currently scheduled for August 20, 2026.

Respectfully submitted:

By: */s/ Paul Linnenburger*  
PAUL LINNENBURGER  
Lane + Linnenburger + Lane LLP  
P.O. Box 6622  
Albuquerque, New Mexico 87197  
(505) 226-7979  
Email: paul@attorneyslane.com

3

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on the 24th day of July 2026, I filed this pleading electronically through the CM/ECF system, which caused the following counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

David Hirsch
Blake Nichols
Elaine Ramirez
U.S. Attorney's Office
District of New Mexico
P.O. Box 607
Albuquerque, New Mexico 87103

*/s/ Paul Linnenburger*
Paul Linnenburger