**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**
**ALBUQUERQUE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:25-CR-00879-JB-10 |
| | ) | |
| NICHOLAS TANNER | ) | |
| | ) | |
| Defendant. | ) | |

**EMERGENCY MOTION FOR MEDICAL CARE**

Mr. NICHOLAS TANNER, pursuant to U.S. Const. Am. VIII and 18 U.S.C. § 3143, moves this Court to issue an order directing the United States Marshals Service to provide medical treatment to address his *emergent* medical needs; in the alternative, Mr. Tanner moves this Court to release him under strict conditions of presentence release that will allow him to obtain medical care outside of custody.

## I. Relevant Procedural History

On May 7, 2025, this Court ordered that Mr. Tanner be detained pending trial. (Am. Order of Detention Pending Trial, ECF No. 140.)

On June 9, 2026, Mr. Tanner pleaded guilty to one count of conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 842(a)(1) and 21 U.S.C. § 846 (Count One) and one count of distribution of a controlled substance in violation of 21 U.S.C. 841(a)(1) and (b)(1)(D)(vi) (Count Two).

(Plea Agreement, ECF No. 741.) On that same day, this Court ordered that Mr. Tanner remain in custody. (Mins., ECF No. 743.)

Mr. Tanner has been detained pending sentencing at the Cibola County Correctional Center ("the facility").

## II. Factual Assertions

The following is undersigned counsel's best understanding of Mr. Tanner's health condition.

Since the onset of the case, Mr. Tanner has had eye-related health concerns. He attempted to address those concerns with former counsel and, since retaining undersigned counsel, has reiterated them.

In pertinent part, in July 2026, undersigned counsel received contact information for the facility's health services coordinator. On July 16, 2026, the facility's health services coordinator indicated that Mr. Tanner had never requested medical care (however, this representation remains in dispute), but that she would request that he see a doctor.

On August 8, 2026, several weeks later, Mr. Tanner had not received any medical care and was in significant pain. He demanded that a doctor or member of the medical staff see him immediately. A medical professional saw Mr. Tanner and gave him medication but did not provide any further treatment despite Mr. Tanner's significant pain.

On August 11, 2026, Mr. Tanner had to be rushed to the emergency room and was ultimately placed in the Intensive Care Unit ("ICU") due to his

completely deteriorated condition. The facility and the United States Marshals Service failed to inform anyone of this occurrence, and denied Mr. Tanner access to a telephone to inform his family or undersigned counsel of his medical condition until August 17, 2026, when he was permitted a single phone call. Mr. Tanner then notified his family that he was in a hospital, that there was discussion of removing his eye, and that he was not permitted to share his whereabouts.

On August 17, 2026, undersigned counsel received communications from Mr. Tanner's family indicating that he was hospitalized. Undersigned counsel attempted to confirm this information with the facility to no avail.

On August 19, 2026, undersigned counsel had a legal call scheduled with Mr. Tanner, but received notice from the facility that Mr. Tanner was "tempted out" and was not available for the legal call. Undersigned counsel contacted the medical coordinator in an attempt to confirm whether Mr. Tanner was in the hospital.

On August 20, 2026, the medical coordinator confirmed that Mr. Tanner was hospitalized but was scheduled to be discharged that day.

On August 22, 2026, undersigned counsel had to find out that Mr. Tanner was discharged from the hospital from AUSA Blake Nichols, as Mr. Tanner's facility was uncommunicative.

On August 25, 2026, undersigned counsel conducted a legal call with Mr. Tanner, who stated that: (1) after undersigned counsel contacted the

medical services coordinator in July 2026, the facility continued to delay medical care and did not provide it until the situation was emergent; (2) while in the hospital, two doctors recommended enucleation (i.e., removal of the eye); and (3) that he was discharged from the hospital, despite his need for continued care, at the request of the United States Marshals Service.

It is undersigned counsel's understanding that Mr. Tanner still needs emergent medical care and potential enucleation and has not received it.

## III. Memorandum of Law

Mr. Tanner is constitutionally protected against "deliberate indifference" by jail personnel "to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976); *see also* U.S. Const. Am. VIII.

Mr. Tanner respectfully submits that he is experiencing significant pain and suffering as a result of his medical condition, which has been ignored despite his repeated pleas for assistance. He is facing possible enucleation, and was prematurely discharged from the hospital at the direction of his facility. These are undoubtedly serious medical needs. He has not been returned to the hospital, despite his condition remaining critical. Despite his multiple requests, the facility remains indifferent. Therefore, an order directing the United States Marshals Service to ensure that Mr. Tanner receives adequate medical attention, or, in the alternative, an order releasing him on strict conditions so that he can find medical care elsewhere, is warranted.

Should the court prefer to hear oral argument on the matter, in the interest of expediency, Mr. Tanner explicitly consents to this hearing being conducted via video teleconference.

## IV. Opposing Party's Position

The Government does not oppose an order directing the United States Marshals Service to provide adequate medical care for Mr. Tanner.

The Government opposes an order setting conditions of release for Mr. Tanner to receive medical care outside of custody.

The Government does not oppose conducting a hearing via telephone or video teleconference.

Undersigned counsel attempted to contact United States Probation Officer George Rodriguez for his position, but, due to the urgent nature of this motion, was unable to obtain it.

## V. Conclusion

Mr. Tanner, based on the foregoing factual assertions and argument, prays that this Court grant his request.

Date: August 27, 2026

Respectfully submitted,

*s/ Murdoch Walker, II*
Murdoch Walker, II, Esq.
Ga. Bar # 163417
mwalker@lowtherwalker.com

*s/ Samuel Lenard Joseph*
Samuel Lenard Joseph, Esq.
Ga. Bar # 718641
sjoseph@lowtherwalker.com

Lowther | Walker LLC
101 Marietta St., NW, Ste. 3650
Atlanta, GA 30303
O 404.496.4052 | F 866.819.7859
www.lowtherwalker.com

Attorneys for Defendant
Nicholas Tanner

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**
**ALBUQUERQUE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:25-CR-00879-JB-10 |
| | ) | |
| NICHOLAS TANNER | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2026, I electronically filed the foregoing EMERGENCY MOTION FOR MEDICAL CARE with the Clerk of the United States District Court for the District of New Mexico by way of the CM/ECF system, which automatically will serve this document on the attorneys of record for the parties in this case by electronic mail.

Date: August 27, 2026

Respectfully submitted,

***s/ Murdoch Walker, II***
Murdoch Walker, II, Esq.
Ga. Bar # 163417
mwalker@lowtherwalker.com

Lowther | Walker LLC
101 Marietta St., NW, Ste. 3650
Atlanta, GA 30303
O 404.496.4052 | F 866.819.7859
www.lowtherwalker.com